Oscar STANLEY *v.* STATE of Arkansas

CR 88-176                                  764 S.W.2d 426

Supreme Court of Arkansas
Opinion delivered February 13, 1989

*Nolan and Caddell,* by: *Bennett S. Nolan,* for appellant.

*Steve Clark,* Att'y Gen., by: *Tim Humphries,* Ass't Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On June 16, 1985, appellant was arrested for battery in the first degree. He remained in jail until July 23, 1985, when he was sent to the penitentiary on an unrelated charge. Under A.R.Cr.P. Rule 28.1(b) the State had twelve (12) months from the date of his arrest in which to try appellant. *Floyd* v. *State,* 280 Ark. 226, 656 S.W.2d 701 (1983). The trial court scheduled appellant's trial for June 9, 1986, which was clearly within the time limit for a speedy trial. However, another trial involving two counts of capital murder began on June 2, 1986. *See Gardner* v. *State,* 296 Ark. 41, 754 S.W.2d 518 (1988). On June 6, it appeared to the trial judge that the Gardner trial would carry over into the week of June 9. Since the Gardner trial was already taking place in the only courtroom equipped for jury trials, the trial judge entered an order continuing the appellant's case. His case was rescheduled for June 26, 1986, which was ten (10) days over the twelve (12) month limit. Appellant objected and also filed a speedy trial motion. The motion was denied and, on June 26, appellant pleaded guilty. He then filed a Rule 37 petition for post-conviction relief alleging a speedy trial violation and ineffective assistance of counsel. The trial court denied relief. We affirm.

■■ A.R.Cr.P. Rule 28.3(b) provides that a period of delay may be excluded in computing time for trial when there is docket congestion caused by exceptional circumstances and the trial court enters an order setting out the exceptional circumstances. Here, the trial court entered an order on Friday, June 6, explaining that it appeared that the Gardner capital murder trial would carry over into the week of June 9. This constitutes the type of an order contemplated by Rule 28.3(b). It was sufficient to exclude the period from June 9 until June 26, the date of the next criminal docket.

■ The appellant argues that the time should not be excluded because the Gardner case actually ended on Saturday, June 7, and the courtroom was in fact open on June 9. The argument is without merit. The action of the trial judge in rescheduling appellant's case due to an exceptional circumstance

was reasonable at the time taken. The fair administration of justice was best served by postponing appellant's trial to the next criminal docket, rather than having appellant, his attorney, and a whole jury panel come in to see if a courtroom might be available.

■ Appellant also argues that there were days during April and May 1986 when the courtroom was open, and he could have been tried on one of those days. The short answer to that argument is that appellant never asked to be tried during April or May and his speedy trial time did not expire until June 16. In summary, the appellant was not denied a speedy trial.

■ Appellant's next point of appeal is that he was denied effective assistance of counsel since his attorney did not petition this court for a writ of prohibition based upon the denial of speedy trial. The argument is wholly without merit. Appellant's right to a speedy trial was not abused. Certainly, counsel was not ineffective because he did not make an argument which had no merit. *See* *Strickland* v. *Washington*, 466 U.S. 668 (1984).

Affirmed.