Glen COLLINS *v.* STATE of Arkansas

CR 90-23 804 S.W.2d 680

Supreme Court of Arkansas
Opinion delivered February 25, 1991.

*John H. Bradley,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Glen Collins, was found guilty of first degree murder and sentenced to life in prison. We affirm the judgment of conviction.

For his first point of appeal, appellant argues that his right to a speedy trial was violated. The time for appellant's trial began running on the date of his arrest, July 24, 1988. A.R.Cr.P. Rule 28.2(a). A defendant is entitled to have the charges against him dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the date of his arrest,

A.R.Cr.P. Rule 28.1(b), unless the period of delay is excluded under A.R.Cr.P. Rule 28.3. Appellant was not tried until September 14, 1989, approximately one and one-half months beyond the twelve-month limit.

Once appellant established that he was not tried within the twelve-month period, the burden shifted to the State to show that any delay was the result of appellant's conduct, or was otherwise justified. *Nelson* v. *State*, 297 Ark. 58, 759 S.W.2d 215 (1988). A.R.Cr.P. Rule 28.3 provides in pertinent part, "The following periods shall be excluded in computing the time for trial: (a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant. . . ." On September 27, 1988, appellant presented a petition for psychiatric evaluation which was granted by the trial court. He was not transported to the hospital, however, until February 28, 1989, because, as noted by the trial court in its order denying the motion to dismiss, there were reported renovations and overcrowding of the facilities. On March 20, 1989, the State mental hospital mailed its psychiatric report which found that appellant was fit to stand trial. On March 21, 1989, appellant was returned to jail to await trial. In computing the time for speedy trial, the lower court excluded the approximate six-month period from September 27, 1988, until March 21, 1989, based upon the portion of Rule 28.3(a) quoted above. The trial court was correct in doing so.

The gist of appellant's argument is that it was not his fault that the State mental hospital would not take him for such a long period of time. As analogous support for his argument, appellant cites *Novak* v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987), in which we reversed and dismissed a conviction for violation of speedy trial rights. There, the period of delay was caused by the judge's illness. *Novak* is clearly distinguishable from the instant case. First, periods of delay resulting from competency examinations are specifically excluded by A.R.Cr.P. Rule 28.3(a); those resulting from a judge's illness are not. Second, a trial judge is an integral part of the criminal justice system, and thus it is reasonable to scrutinize the efficiency with which that system operates most carefully. The state hospital, on the other hand, is not an integral part of the criminal justice system. It is wholly independent of the judiciary or prosecuting attorney's office.

Accordingly, delays caused by its operations would not be subject to the same level of scrutiny as delays caused by the criminal justice system itself. Finally, in *Novak*, the State did nothing in an effort to get a substitute for the judge who was ill. Here, however, in addition to the initial order granting appellant's request for a competency examination, on January 20, 1989, the trial court also issued an Emergency Commitment Order when appellant became somewhat uncontrollable. Even with the emergency order, it still took another month to get appellant into the State mental hospital.

In short, appellant requested the competency examination. The fact that the hospital was undergoing renovations and was not able to examine appellant for five months is regrettable, but does not make the period of delay nonexcludable. There is no allegation that there was a deliberate attempt by the State to delay the trial in order to bolster the State's case or to hamper the defense. Under the facts of this case, the delay occasioned by renovations and overcrowding was reasonable and unavoidable. The trial court was correct in excluding the six-month period of delay under A.R.Cr.P. Rule 28.3.

For his second point of appeal, appellant argues that the trial court erred in admitting photographs of the victim's body. He contends they were inflammatory, prejudicial, and repetitious. The argument can be addressed summarily. We have reviewed the photographs to which appellant raised objections and hold that none of them are unfairly prejudicial or unnecessarily repetitious. The trial court did not err in admitting them.

Appellant's third point of appeal is that the testimony of Gina and Robert Jones should have been excluded under A.R.E. Rules 404(b) and 403. After appellant stabbed the victim and left him on the side of a road, he drove his van to a convenience store. The trial court allowed Gina Jones to testify that at the convenience store appellant "harassed me for a little while;" that she also had difficulties with him later at a place named Couch's; that after she saw blood in his van, appellant pulled out a knife; that she then called the police; and that appellant went to a car wash close by and began washing out the front of the van. Further, Gina's brother Robert was allowed to testify that he, Gina, and Gina's boyfriend started talking to appellant; that appellant "just

started getting braver or something;" that appellant stated "he didn't mess around and he pulled this sheet up;" that the sheet was in the van along with some blood; that they went to call the sheriff and when they got back, appellant was washing the inside of the van with a high pressured hose; they stayed until the police arrived.

 Appellant argues that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. A.R.E. Rule 404(b). Such evidence may be admissible, however, for other purposes. *Id.* We have long held that all of the circumstances connected with a particular crime may be shown, even if those circumstances would constitute a separate crime. *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981). Here, the events about which Gina and Robert Jones testified were merely further circumstances connected with the victim's death. They completed the picture and explained the subsequent involvement of the police at the car wash. Here, appellant admitted killing the victim. It would make no sense for the prosecution to have introduced the testimony to show that appellant acted in conformity with other crimes. There was no issue in that regard. The trial court was not obligated to exclude the testimony under A.R.E. Rule 404(b). Neither was the probative value of the evidence outweighed by the danger of unfair prejudice under A.R.E. Rule 403.

 Appellant's final point of appeal is that the trial court erred in refusing to exclude evidence obtained as a result of his arrest because neither arresting officer met the minimum qualifications established by the Commission on Law Enforcement Standards.

At the time of appellant's arrest, Ark. Code Ann. § 12-9-108(a) (1987) provided:

> (a) A person who does not meet the standards and qualifications set forth in this subchapter or any made by the Arkansas Commission on Law Enforcement Standards and Training shall not take any official action as a police officer, and any action taken shall be held as invalid.

Appellant was charged by information, not an officer's

citation; consequently, we are not concerned with the validity of the charging instrument. Rather, appellant argues that any evidence obtained as the result of an arrest by unqualified officers should be suppressed as "fruit of the poisonous tree," an exclusionary rule argument. We rejected an identical argument in *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990), and *Henry* v. *State*, 304 Ark. 339, 802 S.W.2d 920 (1991). We explained in *Moore* that the exclusionary rule is designed to deter unlawful police conduct by removing the incentive to disregard the fourth amendment to the United States Constitution. As in *Moore*, we are not dealing with police conduct which constitutes a violation of the fourth amendment; accordingly, federal law does not compel us to apply the rule. Neither does State law. The statute at issue deals with standards for employment, not police conduct. Thus, the goal of the statute differs from that of the exclusionary rule. Accordingly, we decline to apply the exclusionary rule on State grounds.

In accordance with our Rule 11(f) we have examined the record and determined that there were no adverse rulings which resulted in prejudicial error to appellant.

Affirmed.