Rodney Maurice RAGLIN *v.* STATE of Arkansas

CA CR 90-287                                  816 S.W.2d 618

Court of Appeals of Arkansas
Division I
Opinion delivered October 2, 1991

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Rodney Maurice Raglin appeals from his conviction of the crime of possession of a controlled substance with intent to deliver. The sole issue on

appeal is whether he was denied his right to a speedy trial under the Arkansas Rules of Criminal Procedure. We conclude that he was and reverse the conviction.

It is undisputed that appellant was arrested for possession of a controlled substance with intent to deliver on May 12, 1989. On October 18, 1989, while on bail, appellant was arrested for an unrelated homicide. On January 2, 1990, appellant was arraigned on both charges and entered pleas of not guilty by reason of mental disease or defect. As a result, a psychiatric examination of appellant was ordered. On January 30, 1990, the psychiatric evaluation of appellant was received by the court and the court found him fit to proceed. On April 25, 1990, appellant was tried for the homicide, convicted of murder, and sentenced to forty years in the Arkansas Department of Correction.

At some point thereafter, appellant's trial on the charge of possession with intent to deliver was set for August 3, 1990. On August 2, 1990, appellant filed a motion to dismiss that charge for lack of a speedy trial. Although the court's reasons are not clearly stated in the record, appellant's motion was denied after a hearing on August 3. Appellant was thereafter tried and convicted of possession with intent to deliver, and this appeal followed.

The parties agree that, under Ark. R. Crim. P. 28.1(c) and 28.2(a), appellant was entitled to have the drug charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months of the date of his arrest, May 12, 1989, subject only to any excludable periods authorized under Rule 28.3. It is undisputed that appellant's trial on this charge was not held until eighty-three days after the twelve-month period had elapsed. The parties further agree that the twenty-eight day period between January 2 and January 30, 1990, was properly excludable. Therefore, it is the exclusion of an additional fifty-five days that is at issue on this appeal.

Appellant contends that the trial court erred in denying his motion to dismiss. He argues that, because no written orders were entered or docket entries made concerning any delays in trying him on the drug charge, the court erred in excluding the additional fifty-five days. We agree.

 Once it has been shown that a trial is to be held after

the speedy trial period has expired, the State has the burden of showing that any delay was the result of the defendant's conduct or that it was otherwise legally justified. *McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990). Rule 28.3(i) of the Arkansas Rules of Criminal Procedure provides that "[a]ll excluded periods shall be set forth by the court in a written order or docket entry." Although not expressly stated in the rule, the supreme court has said that "a court should enter written orders or make docket notations at the time continuances are granted to detail the reasons for the continuances and to specify, to a day certain, the time covered by such excluded periods." *Hicks* v. *State*, 305 Ark. 393, 397, 808 S.W.2d 348, 351 (1991). Our courts have also said that this language must be adhered to in order to provide any impetus behind Rule 28.3. *Hicks* v. *State, supra; Reed* v. *State*, 35 Ark. App. 161, 814 S.W.2d 560 (1991). Here, although appellant failed to abstract the docket sheet, it is clear from the court clerk's extensive testimony from the docket and the statements made by the trial judge at the hearing on the motion to dismiss that no such orders were entered or docket entries made.

The State contends that the trial court's ruling was correct because the eighty-five day period between January 30, 1990, and April 25, 1990, was excludable despite the lack of any appropriate written orders or docket entries. According to the transcript of the hearing of January 30, the trial court stated that it was going to set appellant's murder trial first. The transcript of a short hearing held on February 2, 1990, shows that the court set the murder trial for April 25. The State argues that, because appellant failed to object when these statements were made, he "tacitly agreed" to the delay caused by holding the murder trial first and, thereby, lost his right to contend that the delay violated his right to a speedy trial. We cannot agree.

■ The State's reliance on *Jenkins* v. *State*, 301 Ark. 586, 786 S.W.2d 566 (1990), and *Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989), is misplaced. Those cases hold that when a case is delayed *by the accused* and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Ark. R. Crim. P. 28.3(i). In *Jenkins*, the defendant had been offered a speedy trial but his attorney requested and received a continuance to a date beyond

the end of the twelve-month period. In *Key*, upon being asked by the court for her views, the defendant's attorney stated that she "had no problems with" the court granting a continuance requested by a co-defendant. *See also McConaughy* v. *State, supra* (defendant delayed the proceedings by changing his plea to not guilty by reason of mental defect on the original trial date, thus necessitating an excludable committment to the State Hospital); *Cox* v. *State,* 299 Ark. 312, 772 S.W.2d 336 (1989) (defendant explicitly agreed to continue his case and expressly waived any speedy trial claims). Here, on the other hand, appellant's trial on the drug charge was not delayed by him. He made no request for a continuance in either this case or the murder case. The record is clear that holding the murder trial first was ordered on the court's own motion. Appellant was not consulted. *See Reed* v. *State, supra.*

The fact that appellant did not affirmatively object to the court's statements in question does not alter our conclusion. Rule 28.2 provides that the speedy trial period commences to run "without demand by the defendant." The State's argument that a defendant must protest court-ordered delays, whether or not he is responsible for the delays or is even consulted about them, would place the burden on the accused to demand a speedy trial at every stage of the proceedings. Moreover, the court's decision to hold appellant's murder trial on April 25 would not cause appellant to know that his drug case would be continued past the required time period. *See Hicks* v. *State, supra; Reed* v. *State, supra.* In light of the admittedly excludable twenty-eight day period in January 1990, appellant's trial in this case would have been timely if held at any time prior to June 10, 1990.

It was argued at the hearing on appellant's motion to dismiss that appellant's failure to appear for his originally scheduled arraignment in this case created an additional excludable period. However, the evidence showed, and the prosecuting attorney had conceded at a previous hearing, that appellant was not properly notified of that arraignment. Appellant's notice had been sent to the wrong address. In any event, the argument is not presented on appeal, and we need not address it further.

We conclude that the State failed to show that the remaining fifty-five day delay was attributable to appellant or

was otherwise legally justified. Therefore, appellant's conviction for possession of a controlled substance with intent to deliver is reversed and the case is dismissed.

COOPER and ROGERS, JJ., agree.