Raymond MACK *v.* STATE of Arkansas

CR 95-282                                        905 S.W.2d 842

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Raymond Mack,

appeals from a judgment of conviction for capital murder committed in the course of an aggravated robbery and a judgment of conviction for first degree battery. He was sentenced to life imprisonment without parole for the capital murder and to five years imprisonment for the battery conviction. He now appeals and asserts that he was denied his right to a speedy trial owing to a biased mental evaluation which necessitated a second examination and, thus, delayed his trial until almost two years following his arrest. We affirm the judgments of conviction.

The murder and battery occurred at about 11:00 p.m. on September 21, 1992, in the vicinity of Ninth and Kirspel Streets in Little Rock. The victim, Shawn Bobb,[1] was driving in the area and had stopped his car. Anthony Salley got in the car and was sitting in the passenger seat at time of the shooting. Da'Shwaunall "Swan" Johnson was sitting in the back seat. Raymond Mack approached the car and, according to Johnson, told Bobb to give Mack his money. Bobb refused, and Mack began shooting. According to a second witness, Yolanda Armstrong, Mack fired several shots into the car. Shawn Bobb was hit once in the chest and killed. Anthony Salley was struck in both of his legs by a second bullet. The murder weapon was found and identified as a Mossberg .22 caliber carbine with a sawed off stock.

Mack was charged with capital murder and first degree battery. The State initially asked for the death penalty, but prior to the two-day trial on August 30, 1994, the State waived that option. Following the jury trial, the jury returned guilty verdicts, and Mack was sentenced accordingly.

The chronology of events pertaining to the speedy trial issue follows. The offense occurred on September 21, 1992, and Mack turned himself in four days later on September 25, 1992. He was incarcerated from that point forward. At the resulting plea and arraignment, he pled not guilty.

On January 8, 1993, Mack changed his plea to not guilty by reason of mental disease or defect and requested a mental evaluation. At the hearing on January 8, the trial court voiced its concern about the time involved for an evaluation. Counsel for

---

[1]The victim is also identified at times in the record as "Shawn Bob."

Mack stated: "All the time is tolled from today until the evaluation is done so it won't [a]ffect speedy trial." Mack was then committed to the State Hospital for a mental evaluation.

On July 6, 1993, Dr. Michael Simon, a psychologist with the State Hospital, signed a letter to the trial court in which he opined that Mack was capable of assisting in his defense at trial and that Mack appreciated the criminality of his conduct at the time of the murder. Dr. Simon's accompanying report described Mack's contention that "bubbles" had told him to commit the murder at issue. Dr. Simon concluded that the asserted hallucinations were not credible, that Mack was malingering, that he was not psychotic, and that he suffered from an antisocial personality disorder.

On August 12, 1993, a hearing was conducted regarding Dr. Simon's report. At the hearing, it developed that Mack had been gang raped at age eight — a fact which Dr. Simon did not allude to in his report. Dr. Simon had also discounted two prior suicide attempts by Mack. Tests further showed Mack's I.Q. to be 74, or in the borderline intelligence range. Because of the low I.Q. and the request for the death penalty, the State joined in a request for a second mental evaluation. The trial court then commented from the bench: "I'm of the opinion that Dr. Simon did not testify as an objective professional, but he seemed to have been an advocate, he seems to have taken sides and for whatever reason had lost his objectivity." At the close of the hearing, the State raised the speedy trial issue and requested that time continue to be tolled during the evaluation period. The trial court replied: "Right. While we're within the context of determining competency all of the time is tolled until that is resolved." No objection to this ruling was raised by Mack's attorney. On August 25, 1993, the second mental evaluation was ordered by the trial court.

On March 17, 1994, a second competency report relating to Mack was completed by Dr. Jerry Henderson, a psychologist with Professional Counseling Associates, a firm in Little Rock. Dr. Henderson also concluded in his report that Mack was not hallucinating or psychotic, that he was malingering, and that he suffered from an antisocial personality disorder. In Dr. Henderson's judgment, Mack was able to assist in his defense at trial and to appreciate criminality at the time of the murder.

On June 24, 1994, Mack moved to dismiss the charges against him on speedy trial grounds. On August 11, 1994, an omnibus hearing was held, and the speedy trial motion was heard and denied by the trial court. The court noted that Mack's counsel desired a second mental evaluation and failed to object to a second evaluation on speedy trial grounds or to the court's statement that the speedy trial time would be tolled. According to the court, Mack's counsel should have recognized the implications of a second evaluation.

The sole issue on appeal is whether Mack's speedy trial rights were violated. His precise argument is that Dr. Simon's report was "biased," and as a consequence, the time attributable to the preparation of the report — from January 11, 1993, to August 12, 1993 — should not be excluded under Ark. R. Crim. P. 28.3(a) in determining whether the twelve-month period had run. Alternatively, he argues that the time needed for the second mental evaluation — from August 12, 1993, to March 17, 1994 — should not be excluded for the same reason.

■ Rule 28.3(a) of the Arkansas Rules of Criminal Procedure states that the period of delay resulting from a competency examination and hearing shall be excluded for speedy trial purposes. The court has previously determined that "[t]he literal language of Rule 28.3(a) states simply that the period required for a competency examination is excluded." *Hufford* v. *State*, 314 Ark. 181, 184, 861 S.W.2d 108, 109 (1993), *quoting Brawley* v. *State*, 306 Ark. 609, 613, 816 S.W.2d 598, 601 (1991). We discern no reason to retreat from this conclusion that Rule 28.3(a) is clear, simple, and straightforward in providing for the exclusion of time caused by mental examinations.

■ Moreover, it is obvious from the record that counsel for Mack desired both mental examinations and voiced no objection to the tolling of the speedy trial time limitation when the evaluations were discussed. At the first hearing on January 8, 1993, Mack's counsel left no doubt that the time would be tolled pending the evaluation. At the second hearing, on August 12, 1993, the trial court ruled that the time was tolled while Mack's competency was being determined. Mack's counsel did not contest this ruling in any form or fashion. That was the time to raise the issue, and the trial court was entirely correct in alluding to

this lapse when it denied the motion to dismiss at the subsequent omnibus hearing.

As a final point, we note in Mack's argument where he concludes that the State Hospital is part of the state's criminal justice system and, hence, the State should be saddled with any delay caused by a deficiency in the State Hospital's evaluation. That is not correct. We have previously taken pains to underscore that the State Hospital is independent of the judiciary and the prosecuting attorney's office and, thus, "delays caused by its operations would not be subject to the same level of scrutiny as delays caused by the criminal justice system itself." *Collins* v. *State*, 304 Ark. 587, 590, 804 S.W.2d 680, 681 (1991).

The trial court did not err in denying Mack's motion to dismiss on speedy trial grounds.

The record in this case has been reviewed for other reversible error pursuant to Supreme Court Rule 4-3(h), and none has been found.

Affirmed.