Jerrold Anthony TANNER *v.* STATE of Arkansas

CR 95-1064                                918 S.W.2d 166

Supreme Court of Arkansas
Opinion delivered April 1, 1996

*Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The issue on appeal is whether the appellant was denied his right to a speedy trial under the Arkansas Rules of Criminal Procedure. We conclude that he was, and reverse and dismiss his convictions.

The appellant was arrested on January 12, 1994. No informa-

tion was filed against him until August 17, 1994. In that information, and in an amended information filed December 22, 1994, he was charged with twelve drug-related counts. On March 21, 1995, he was tried and convicted on eleven of those counts: five counts of delivery of cocaine, three counts of delivery of marijuana, one count of possession of cocaine with intent to deliver, one count of possession of marijuana with intent to deliver, and one count of operating a "drug house" within 1,000 feet of a drug-free zone. His sentence was forty-seven years imprisonment.

Although the appellant was tried on March 21, 1995, he was originally scheduled to be tried on December 13, 1994, approximately eleven months after his arrest. However, at a December 12, 1994 pretrial hearing, the court, on its own motion, reset the appellant's trial for February 15, 1995. There is nothing in the record to reflect that appellant or his counsel were present at the hearing. On December 14, 1994, the court filed an order which purported to exclude the period of December 13, 1994, to February 15, 1995, from speedy-trial computation. The court stated the following as the reason for the exclusion of time:

> trial set for 12/13/94 had to be rescheduled due to commencement of capital murder trial of Frederick Jacobs, Drew [County] CR93-138-1 on 12/13-16/94.

The order indicated that the prosecutor and appellant's counsel were notified of the continuance by mail.

On February 13, 1995, two days before trial was scheduled, the appellant appeared at a pretrial hearing and requested a continuance. The trial was rescheduled for March 21, 1995. On March 20, 1995, the day before trial, the appellant made an oral motion to dismiss, saying he had been denied his right to a speedy trial. He argued that the court had erred in excluding the period of December 13, 1994, to February 15, 1995, from speedy-trial computation because the law allows exclusion for "docket congestion" only in exceptional circumstances. He presented docket records from the Frederick Jacobs case — the case which had "bumped" his — showing that, although Jacobs had been arrested on October 16, 1993, approximately ten of the fourteen elapsed months had been properly excluded from speedy-trial computation. Therefore, he said, there was no pressing need to try Jacobs and no exceptional

circumstances were present.[1]

The court denied the motion to dismiss. The essence of the ruling was that the appellant had waited too long to contest the December 14, 1994 order.

It is undisputed that, under Ark. R. Crim. P. 28.1(c) and 28.2(a), the appellant is entitled to have the charges against him dismissed if he was not brought to trial within twelve months from January 12, 1994, excluding such periods allowed by Ark. R. Crim. P. 28.3. The appellant was tried one year and sixty-eight days after his arrest. There is no dispute that the forty-four days between February 15, 1995, and March 21, 1995, are properly excludable since they can be attributed to the appellant's own motion for continuance. Ark. R. Crim. P. 28.3(c). It is the remaining twenty-four days, attributable to the court-ordered continuance of December 12, 1994, that we are concerned with in this appeal. The question we are faced with is twofold: 1) was the period from December 13, 1994, to February 15, 1995, excludable from speedy-trial computation, and 2) if it was not, did the appellant waive his right to challenge the excludability of that period?

Once it is shown that a trial is held outside the applicable speedy-trial period, the state has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987). Ark. R. Crim. P. 28.3 contains two sections which could serve to justify the delay in this case:

> The following periods shall be excluded in computing time for trial:
>
> (b) The period of delay resulting from congestion of the trial docket when the delay is attributable to exceptional circumstances. When such a delay results, the court shall state the exceptional circumstances in its order continuing the case.
>
> . . . .

---

[1] The appellant made the argument that the reason Jacobs was tried was so that the prosecutor, who was leaving office in January, would have "one last opportunity" to get the death penalty in a capital murder case. The prosecution responded that there was nothing in the record to reflect that the continuance was anything other than the court's own decision.

(h) Other periods of delay for good cause.

In *Hicks* v. *State*, 305 Ark. 393, 808 S.W.2d 348 (1991), the court, on its own motion, continued the appellant's trial to a date which was outside the speedy-trial period. A docket entry read that, "due to the crowded court trial docket" it was necessary to move the appellant's trial. At a later hearing, the court explained that the trial in another matter, State of Arkansas vs. Charles Moore, would be tried over a two day period, thus necessitating a continuance in Hicks's case. We stated that "the law is well settled that congestion of the trial docket, alone, is not just cause for breaching the speedy trial rule." We found that the circumstances set out in the docket entry were not exceptional:

> No explanation was offered as to why the case could not have been tried during the week immediately following the Moore trial, and before the last week in the month when the trial court was required to travel to other counties.

In *Stanley* v. *State*, 297 Ark. 586, 764 S.W.2d 426 (1989), we also addressed the issue of what exceptional circumstances justify exclusion of time for a crowded trial docket. There, Stanley's trial was scheduled for Monday, June 9, 1986. A capital murder trial had begun on June 2 in the only courtroom available for jury trials. On Friday, June 6, it appeared to the judge that the murder trial would run over until June 9. So, the judge entered an order continuing Stanley's trial and explaining the circumstances. We held that "this constitutes the type of order contemplated by Rule 28.3(b)."

The case at bar falls somewhere in between the well-explained need for a continuance in *Stanley* and the simple, unsatisfactory notation of a "crowded court trial docket" in *Hicks*. In the order excluding time, the trial court expressed its desire to try the Drew County murder case of Frederick Jacobs on a date originally scheduled for Desha County trials, such as the appellant's. However, the fact that a murder trial is pending in an adjacent county does not, without more, constitute an exceptional circumstance. This case is more like *Hicks* in that regard, because we are only told that the appellant's trial has been rescheduled due to the trial of another matter.

We realize that trial courts may, for a variety of reasons, wish to give priority to pending murder cases. However, when that desire infringes on another defendant's constitutional

right to a speedy trial, and on our Rules of Criminal Procedure, it must yield, *unless* there are exceptional circumstances. In those situations, the trial court must note the exceptional circumstances in its order continuing the case. Ark. R. Crim. P. 28.3(b). We hold that the commencement of a capital murder trial on the appellant's scheduled trial date, does not, standing alone, constitute an exceptional circumstance justifying exclusion of time for docket congestion. Likewise, in the absence of any explanation other than that the court preferred to try another case, we hold that the time period in question cannot be excluded for "good cause" pursuant to Rule 28.3(h). See generally *Novak* v. *State, supra.*

■ We now turn to the question of whether the appellant, by waiting until March 20, 1995, to question the court's December 14, 1994 order, waived his right to a speedy trial. It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Novak* v. *State, supra.* In Arkansas, the speedy-trial period commences to run "without demand by the defendant." Ark. R. Crim. P. 28.2. Furthermore, the Rules of Criminal Procedure do not mention waiver of the right to a speedy trial unless the defendant fails to move for dismissal prior to a plea of guilty or a trial. Ark. R. Crim. P. 28.1(f).

■ With these considerations in mind, we hold that the appellant did not waive his right to move for dismissal based on a speedy-trial violation. In *Hicks* v. *State, supra,* the state argued that, by waiting until the day after the speedy-trial time ran to file his motion to dismiss, Hicks had waived his rights. We stated that Hicks's motion was made in advance of trial and was, thus, timely. In *Raglin* v. *State,* 35 Ark. App. 181, 816 S.W.2d 618 (1991), the court of appeals held that a defendant need not affirmatively protest a court-ordered continuance at the time the continuance is granted because to do so would "place the burden on the accused to demand a speedy trial at every stage of the proceedings" in spite of the clear dictate of Rule 28.2. In this case, the appellant's motion to dismiss was made before trial, and, under the circumstances of this case, he was not required to challenge the court-ordered exclusion of time immediately upon issuance of the court's order. As we stated earlier, it is the burden of the prosecution and the courts to see that

a defendant is brought to trial on time.

The state refers to our recent case of *Mack* v. *State*, 321 Ark. 547, 905 S.W.2d 842 (1995), in support of its waiver argument. In *Mack*, we said that "the time to raise the issue" of whether a certain period was excludable was at the hearing where the excludability was discussed. The time at issue was the period needed for a second mental evaluation. There are substantial differences between *Mack* and this case. It is clear from the record in *Mack* that appellant's counsel was actually in attendance at the hearing where the excludability of time was discussed. That is not the case here. Additionally, appellant's counsel in *Mack* took part in the request for the second mental evaluation. So, the continuance was attributed, in part, to Mack, unlike the situation here.[2]

Based upon the foregoing, the appellant's convictions are reversed and the case dismissed.

Reversed and dismissed.

BROWN and ROAF, JJ., concur.

GLAZE, J., dissents.

ROBERT L. BROWN, Justice, concurring. I concur in the majority opinion but write only to emphasize two points. Had this been a case where the prosecutor was leaving office and that person alone had prepared the capital murder case and was, therefore, indispensable to the trial of the matter, this would seem to be an exceptional circumstance. However, the record before us does not reflect those facts. Moreover, there appears to have been ample time remaining for the State to try the Frederick Jacobs capital murder case after Tanner's original trial date on December 13, 1994, as the majority opinion emphasizes. But if the trial court's choice had been either to try Tanner's drug case or the Jacobs capital murder case because both were about to violate speedy-trial constraints, then this in my judgment would meet the requirement of an exceptional circumstance. Such, however, was not the case.

ANDREE LAYTON ROAF, Justice, concurring. I concur with the

---

[2] The state does not argue that the appellant's request for a continuance *after* the speedy trial period expired amounts to waiver. Indeed, we said in *Duncan* v. *State*, 294 Ark. 105, 740 S.W.2d 923 (1987), that such a request does not constitute acquiescence in the delay.

result reached by the majority; however, I disagree with the basis for its holding. I would also reverse and dismiss this case, but only because the state has not shown that Tanner failed to object to the trial court's ruling on excludability, and therefore waived his right to a speedy trial. The majority opinion also holds that a defendant is not required to challenge a trial court's ruling excluding time for speedy-trial purposes immediately upon issuance of the trial court's order. In doing so, the opinion seems to equate such a requirement as "placing the burden on the accused to demand a speedy trial at every stage of the proceedings." I do not agree with this equation. More importantly, I do not agree that our decisions on speedy trial mandate or even suggest such a holding.

In fact, the cases relied upon by the majority suggest the contrary. Two of the cases cited by the majority do not require further discussion. The holdings in these cases are accurately stated and they have only general application to the issue we are called upon to resolve. *See Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987) (State has the burden of showing that delay was the result of defendant's conduct or was otherwise justified); *Stanley v. State*, 297 Ark. 586, 764 S.W.2d 426 (1989) (exceptional circumstances justified exclusion of time for a crowded trial docket).

However, the remaining cases discussed in the majority opinion bear closer scrutiny. In *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991), the trial court, on its own motion and by letter to appellant's attorney and the prosecutor, continued the appellant's trial to a date outside the one-year speedy-trial period due to a "scheduling conflict." There was no mention of excluding the time in the letter nor was an order entered or a docket entry made. Ten days later, and nine days prior to the running of the speedy-trial period, the state filed a motion requesting that the time from the original setting to the new trial date be excluded for speedy-trial purposes, due to a "congested trial calendar." The trial court granted the motion four days later by docket entry. Ten days after the state's motion to exclude the time, one day after the running of the speedy-trial period, and seven days prior to the new trial setting, the appellant made a *timely response to the state's motion*, objecting to the exclusion of the time.

In *Raglin v. State*, 35 Ark. App. 181, 816 S.W.2d 618 (1991), the appellant's trial was simply set outside the one-year speedy-trial period. There were no docket entries or written orders, or even an

indication that a continuance was granted in the scheduling of the trial. Finally, in *Mack* v. *State*, 321 Ark. 547, 905 S.W.2d 842 (1995), the appellant's counsel was present when the trial court made a ruling that the speedy-trial time would be tolled pending a second mental evaluation. This court stated that Mack's counsel did not contest the ruling in any form or fashion and that the time to raise the issue was *when the trial court made the ruling.*

Clearly, none of the cases cited by the majority purports to relieve a defendant of the obligation of objecting to a ruling of the trial court in a timely fashion. Today's holding will do so. Speedy-trial objections must be raised in the trial court and prior to the trial date in order to preserve the issue for review. Ark. R. Crim. P. 28.1. This issue is not an exception to the contemporaneous-objection rule. *See Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994).

The reason for our contemporaneous-objection rule is that a trial court should be given an opportunity to know the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *State* v. *Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994). It is understandable that a defendant would not wish to call the trial court's attention to an erroneous ruling on the excludability of time for purposes of speedy trial; however, *Mack, supra*, requires that a defendant do so, and it defies logic that a defendant should be required to object to an oral ruling and not to the identical written ruling.

The majority attempts to qualify its holding by limiting it to the "circumstances of this case." The circumstances of this case are unfortunately not divulged by the abstract before this court. We do know that, in this instance, Tanner made an oral speedy-trial motion on the day before his trial. The hearing on the motion was conducted the following day. The prosecutor had not been involved in the case when the order excluding the time for speedy-trial purposes was entered, and the order had been entered by a judge other than the one presiding in Tanner's trial. At the hearing, the following colloquy occurred:

> [Prosecutor]: Judge, you and I are in a particularly unique position in that neither one of us was at the hearing December the 12.

> [Tanner's counsel]: And neither was I.

[Prosecutor]: Well, all three of us. None of us were present on December the 12th when this order was entered, although that was *[the] specific disposition date set for the defendant to appear, the defense counsel to appear, and the state to appear.* And unless there's some showing we must assume that all counsel was present for that particular order to be entered. If there was an objection to that period of time, then the court — Judge Glover — overruled that objection and made the ruling at that time that he did.

*If the defense was not — did not object,* then I would argue at this time that to wait for basically 90-days before objecting to that order is paramount to a waiver of that order. . . .

(Emphasis added.) It is understandable that under such short notice, the state did not present any evidence concerning the circumstances of the order. However, as it is the state's burden to show that the delay in speedy trial is the result of the defendant's conduct, it should also be the state's burden to show that the defendant has clearly waived his right in this matter, and here the state has failed to do so.

I concur.

TOM GLAZE, Justice, dissenting. The majority court holds trial courts to a standard different than the one it applies to itself. In this case, the trial judge rescheduled Jerrold Tanner's drug-related case because the judge had a capital murder case set for the same date in a different county. Obviously, the judge could not be at both trials on the same day. Consequently, the judge chose to try the capital murder case first. That makes sense to me.

Our court makes this same type of decision almost every week, and in making docket decisions, this court accelerates capital murder cases over other criminal and civil cases. Obviously, cases that bear possible death and life without parole sentences should take precedence on all court dockets, and I am surprised the majority court disagrees. I believe this court's "legal hypocrisy" is showing when it holds trial judges to a standard other than the one it follows. Here, when the judge placed on the docket as his reason, "trial set for 12/13/94 . . . rescheduled due to commencement of capital murder trial of Frederick Jacobs, Drew County, CR93-138-1 on 12/13-16/94," good cause was clearly shown, in my view, for continuing Tanner's drug case. *Cf.* Ark. Code Ann. §§ 16-11-104—

105 (Repl. 1994). I would affirm.