Howard DEAN *v.* STATE of Arkansas

CR 98-1498                      3 S.W.3d 328

Supreme Court of Arkansas
Opinion delivered November 4, 1999

*Montgomery, Adams & Wyatt, PLLC,* by: *Dale E. Adams,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Howard Dean appeals the judgment of the Perry County Circuit Court convicting him of first-degree murder and sentencing him to forty years' imprisonment. For his sole point for reversal, Appellant argues that he was denied a speedy trial, in violation of Ark. R. Crim. P. 28. Appellant previously raised this issue in a petition for writ of prohibition, and this court denied the writ. *See Dean v. Plegge,* 331 Ark. 141, 958 S.W.2d 5 (1998). Our jurisdiction of this appeal is thus pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We find no error and affirm.

The record reflects that on June 20, 1995, Michael Keith Samples was killed in his home near Harris Brake Lake in Perry County. Appellant was tried for first-degree murder on February 12, 1996. That trial resulted in a hung jury and a mistrial. Appellant was later tried for the same charge on May 28, 1998, 836 days after the mistrial. Appellant has thus presented a prima facie case for a speedy-trial violation. Rule 28.2(c) provides that when a defendant is to be retried following a mistrial, the twelve-month period for speedy trial shall commence running from the date of mistrial. *See also Odum v. State,* 311 Ark. 576, 845 S.W.2d 524 (1993). Once the defendant presents a prima facie case of a speedy-trial violation, *i.e.,* that the trial is or will be held outside the applicable speedy-trial period, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Eubanks v. Humphrey,* 334 Ark. 21, 972 S.W.2d 234 (1998); *Strickland v. State,* 331 Ark. 402, 962 S.W.2d 769 (1998).

On appeal, Appellant does not dispute any delays that occurred after the trial date that was scheduled for June 18, 1997;

those delays are attributed in large part to his pursuit of the writ of prohibition in this court. Thus, the relevant period of time for purposes of this appeal is February 12, 1996, to June 18, 1997, a total of 492 days. The State asserts that there are two periods of time to be excluded under Rule 28.3, totaling 338 days. Appellant contests the exclusion of both periods of time.

The first excluded time period contested by Appellant is that between July 15, 1996, and February 12, 1997, a total of 212 days. The State asserts that period was properly excluded as a continuance granted at Appellant's request. It is well settled that delays resulting from continuances given at the request of the defendant are excludable in calculating the time for speedy trial. *Eubanks*, 334 Ark. 21, 972 S.W.2d 234. Accordingly, if the period of delay resulted from a continuance granted to Appellant, the trial court was correct to exclude it.

The record reflects that on July 11, 1996, six days prior to the scheduled trial date, Appellant filed a motion to dismiss and, alternatively, to continue the trial due to pretrial publicity surrounding the case. The motion was based in large part on an advertisement placed by the victim's family in the June 26, 1996 edition of the *Perry County Headlight*. The advertisement, titled "IN MEMORY OF . . . MIKE SAMPLES," displayed a photograph of the victim holding two fish and contained the following text:

> Mike Samples died here, at the water's edge on June 20, 1995 after fighting for his life. He was fatally shot in his home, made it out the back door and ran 842 feet where he found three kind fishermen who tried to comfort him as he took his last breath of life. All he spoke was his name and the name of the man that shot him, Howard Dean.

> Mike was a great hunter and fisherman. He lived for the outdoors, which is probably why he chose his favorite fishing spot as a place to die.

> His family prays that his murderer will be convicted and justice served. No one should die at the hand of another. Michael Keith Samples, age 32, left behind his daughter, 2 years, wife, mother, grandmother, two brothers, and many more family and friends.

Appellant asserted that the advertisement was prejudicial, and that it directly solicited potential jurors to vote to convict him.

The trial court[1] denied Appellant's motion, finding that the opinions in Perry County, which has a relatively small population, were not likely to change with the passage of a few months. The trial court then gave Appellant the option of trying the case in Pulaski County to avoid any potential jurors with knowledge or opinions of the case. After discussion with counsel, Appellant elected not to try the case in Pulaski County. The trial was set to proceed as scheduled on July 17, 1996.

Four days later, on July 15, 1996, the prosecutor, Larry Jegley, and the deputy public defender, Bret Qualls, approached the trial court regarding the unavailability of a witness. The brief colloquy is as follows:

THE COURT:     So your medical examiner can't be there?

MR. JEGLEY:     He's got Chicot County and Drew County all week long, Your Honor.

THE COURT:     *So we're going to grant Bret's motion for continuance, are we?*

MR. JEGLEY:     That's what I thought we'd do. I really — I talked to Joan, Joe Ray's case coordinator down there and she didn't see any way that they could accommodate us.

THE COURT:     That will be fine. If you can't have a witness, you can't have a witness.

CASE COORDINATOR:     I guess y'all want me to reset it don't you? Well, you're going the 21st of October for Judge Ward. Of course, they're probably expecting civil up there, but we could always —

MR. JEGLEY:     That'll work.

---

[1] The record reflects that two circuit judges, The Honorable Chris Piazza and The Honorable John B. Plegge, heard various motions at different stages of the case. We refer to them collectively as the "trial court."

MR. QUALLS: My calendar is in the car. Let me go get it. I didn't know we were going to reset it.

THE COURT: Well, it's y'all, you can just talk to Melissa about resetting it.

MR. QUALLS: October, it sounds like the date I've got Woody Davis. It's a capital case, but I'm not sure.

THE COURT: Well, y'all can just work that out. [Emphasis added.]

Subsequently, the trial was set for February 12, 1997, exactly one year from the date of the mistrial.

Appellant asserts that it was error to exclude this period of time because it was the State's witness who was unavailable. The State contends that Appellant's argument ignores the fact that the trial court specifically stated that it was granting defense counsel's motion for continuance. The State contends further that Appellant has waived this argument because no objection was made at the time of the ruling. This court's recent case law supports the State's argument.

In *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995), this court affirmed the trial court's denial of Mack's speedy-trial motion in part due to defense counsel's failure to contest the trial court's ruling that the continuance was charged to him. This court held:

> [T]he trial court ruled that the time was tolled while Mack's competency was being determined. *Mack's counsel did not contest this ruling in any form or fashion. That was the time to raise the issue,* and the trial court was entirely correct in alluding to this lapse when it denied the motion to dismiss at the subsequent omnibus hearing.

*Id.* at 550-51, 905 S.W.2d at 844 (emphasis added).

Subsequently, in *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996), this court reaffirmed the holding in *Mack*, but refused to extend it to a situation where the trial court continues the case on its own motion, outside the presence of either party. This court explained:

> In *Mack*, we said that "the time to raise the issue" of whether a certain period was excludable was at the hearing where the excludability was discussed. The time at issue was the period

needed for a second mental evaluation. There are substantial differences between *Mack* and this case. It is clear from the record in *Mack* that appellant's counsel was actually in attendance at the hearing where the excludability of time was discussed. That is not the case here.

*Id.* at 43, 918 S.W.2d at 169.

■ It is thus clear from these holdings that a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. The need for such a contemporaneous objection was perhaps best explained in the concurring opinion in *Tanner*:

> Speedy-trial objections must be raised in the trial court and prior to the trial date in order to preserve the issue for review. This issue is not an exception to the contemporaneous-objection rule.
>
> The reason for our contemporaneous-objection rule is that a trial court should be given an opportunity to know the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. It is understandable that a defendant would not wish to call the trial court's attention to an erroneous ruling on the excludability of time for purposes of speedy trial; however, *Mack, supra*, requires that a defendant do so[.]

*Id.* at 45, 918 S.W.2d at 170-71 (ROAF, J., concurring) (citations omitted).

■ Here, the trial court plainly stated that it was granting Appellant's motion to continue. Defense counsel did not object in any form or fashion to the continuance being charged to Appellant. Under the holdings in *Mack*, 321 Ark. 547, 905 S.W.2d 842, and *Tanner*, 324 Ark. 37, 918 S.W.2d 166, the time to object was at the time the trial court made its ruling, not in the subsequent speedy-trial motion. Had defense counsel made a contemporaneous objection, the trial court would have had the opportunity to explore other possible remedies. For instance, the prosecutor may have been able to make arrangements to have another member of the medical examiner's staff testify on his behalf. By failing to make a timely objection, however, Appellant removed that opportunity from the trial court. Accordingly, we affirm the trial court's ruling that this period of time (212 days) was properly excluded from the

time for speedy trial. Subtracting this period from the total time of 492 days, it is clear that Appellant's trial was scheduled within the twelve-month period for speedy trial. It is thus not necessary to address the other excluded period.

Affirmed.

GLAZE, J., concurs because the trial court was correct in finding that the State's medical witness was unavailable for trial and constituted good cause for speedy-trial purposes.