375 Ark. 368

**Kevin Lynn DAVIS, Jr., Appellant,**

**v.**

**STATE of Arkansas, Appellee.**

**No. CR 08–148.**

Supreme Court of Arkansas.

Jan. 22, 2009.

Daniel D. Becker, Hot Springs, for appellant.

Dustin McDaniel, Att'y Gen., by: Deborah Nolan Gore, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

Kevin Lynn Davis, Jr., appeals his conviction for capital murder and sentence of life without parole imposed in the death of Patricia Young. He asserts that the trial court erred in (1) denying his motion to dismiss based on violation of his right to a speedy trial, (2) admitting evidence excluded by an agreement or stipulation of the State, (3) failing to hold a hearing and make a finding on fitness to proceed, and (4) failing to instruct the jury on a prior inconsistent statement. We affirm the circuit court. Our jurisdiction on appeal is pursuant to Ark. Sup.Ct. R. 1–2(a)(2).

*Speedy Trial*

Davis argues that the circuit court erred in denying his motion to dismiss for violation of his right to a speedy trial. Pursuant to Arkansas Rules of Criminal Procedure 28.2, a criminal defendant is entitled to have the criminal charges dismissed with an absolute bar to prosecution if the case is not brought to trial within twelve months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Ark. R.Crim. P. 28.3. Davis was arrested on November 3, 2005, and tried on June 27, 2007, 601 days after his arrest. He thus showed that his trial took place outside the twelve-month period of Rule 28.2. Once a criminal defendant shows that the trial will take place more than twelve months after the date of arrest, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *State v. Crawford,* 373 Ark. 95, 281 S.W.3d 736 (2008). "[T]his court has consistently and repeatedly held that a defendant is not required to bring himself to trial or 'bang on the courthouse door' to preserve his right to a speedy trial; rather, the burden is on the courts and the prosecutors to see that trials are held in a timely fashion." *Jolly v. State,* 358 Ark. 180, 193, 189 S.W.3d 40, 46 (2004).

Davis filed two motions to dismiss based on speedy trial. Both were denied. The record shows that this case was continued five times. It was first continued from March 7, 2006, to September 21, 2006, then from September 21, 2006, to December 7, 2006, then from December 7, 2006, to April 16, 2007, and finally from April 16, 2007, to June 27, 2007.

A. *March 7, 2006, to September 21, 2006*

Davis first argues that the circuit court erred in excluding the 204–day period from March 2, 2006, to September 21, 2006, as time attributable to him for his mental evaluation. As a preliminary matter, the State asserts that Davis's argument on speedy trial is foreclosed by the failure to make a contemporaneous objection. The contemporaneous-objection rule requires a defendant to apprise the court of alleged error "prior to making its decision." *Marta v. State,* 336 Ark. 67, 80, 983 S.W.2d 924, 931 (1999). Davis could not apprise the court of any alleged error in exclusion of time for the mental evaluation prior to the circuit court making its decision because no hearing was held at which he could object. The contemporaneous-objection rule does not apply under these facts.

In the present case, the circuit court simply excluded time on its own motion by issuance of an order. We addressed this situation in *Tanner v. State,* 324 Ark. 37, 42–43, 918 S.W.2d 166, 169 (1996):

> In this case, the appellant's motion to dismiss was made before trial, and, under the circumstances of this case, *he was not required to challenge the court-ordered exclusion of time immediately upon issuance of the court's order.* As we stated earlier, it is the burden of the prosecution and the courts to see that a defendant is brought to trial on time.

(Emphasis added.) In *Tanner,* the circuit court reset Tanner's trial date on its own motion. Nothing in the record reflected that Tanner or his counsel were present when the decision was made, and the order indicated that the prosecutor and Tanner's counsel were notified of the continuance by mail. The circuit court in *Tanner,* on its own motion, as in the present case, "filed an order which purported to exclude the period . . . from speedy trial computation." *Tanner,* 324 Ark. at 39, 918 S.W.2d at 167. Before a criminal defendant may be required to state a contemporaneous objec-

tion to the exclusion of time under speedy trial, the excludability of the period must be discussed "during a hearing where the defendant and his counsel were present." *DeAsis v. State*, 360 Ark. 286, 292, 200 S.W.3d 911, 915 (2005). If there had been a hearing, where counsel was present, and at which the propriety of the excluded period was raised and decided, an objection would have been required. *See Mack v. State*, .321 Ark. 547, 905 S.W.2d 842 (1995). We reject the State's argument that a contemporaneous objection could have been or had to be made in this case where there was no hearing on the excludability of the period.

As noted, Davis argues that the circuit court erred in excluding 204 days due to the mental evaluation. He asserts that only a portion of those 204 days may be attributed to the mental evaluation and cites us to *Morgan v. State*, 333 Ark. 294, 971 S.W.2d 219 (1998), where this court discussed the period excludable due to a mental evaluation. *Morgan* provides that time is excluded from the "date the exam is ordered to the report's file date." *Id.* at 299, 971 S.W.2d at 222. Davis agrees the time required for the mental exam as defined in *Morgan* is excludable and attributable to him. He asserts, however, that only the thirty-four-day period of February 21, 2006, to March 27, 2006 is attributable to him. Pursuant to *Morgan*, the time attributable to Davis for the mental evaluation concluded on the date the report was filed. While the record does not reveal when the report was filed, the State bears the burden of showing that any delay is attributable to the defendant or otherwise legally justified. *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004). While the report cover letter transmitting the report to the court is dated March 27, 2006, the State has not shown when the report was filed. Because the report could not have been filed prior to its mailing, we accept the cover letter date of March 27, 2006, as the last date of exclusion attributable to Davis on the mental evaluation. This means that thirty-four days are excluded.

The remaining 170 days, of the total 204 days excluded by the circuit court, are not excludable based on the mental evaluation. Nothing indicates that the 170–day delay was attributed to any other cause. As already noted, and as we have repeatedly held, the burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Jolly, supra.* A contemporaneous record must reveal that a delay is attributable to the defendant or the time will not constitute an excludable period. *Moody v. Ark. County Circuit Court*, 350 Ark. 176, 85 S.W.3d 534 (2002). There is nothing in the record that reveals that this delay was properly attributed to Davis; therefore, it is not excludable. Subtracting thirty-four days from 601 leaves 567 days from the date of arrest to the date of trial.

B. *September 21, 2006, to December 7, 2006*

Davis argues that the circuit court erred in excluding the period of September 21, 2006, to December 7, 2006. As with the prior excluded period, the State again argues that Davis is precluded from arguing the circuit court erred because he failed to make a contemporaneous objection. Six days before trial, on September 15, 2006, the State moved for a continuance of the September 21, 2006 trial date on the ground that it had submitted evidence to the Arkansas Crime Laboratory for testing, and that "the Crime Lab has not completed the requested analysis and it will not be available by September 21, 2006."

■ As with the order on the first excluded period, the circuit court did not hold a hearing. The State's motion to continue, as well as the order granting a continuance and excluding the time, were filed on September 15, 2006. The certificate of service on the motion indicates that the motion for continuance was mailed to Davis's counsel on the same day, September 15, 2006. Thus, the State argues that even though no hearing was held, Davis had to make a contemporaneous objection to the exclusion of time entered in an order granting a motion that he did not even know had been filed. For the same reasons as discussed under the first excluded period, we reject the State's argument that Davis had to make a contemporaneous objection.

■ Davis next argues that the circuit court erred in excluding the seventy-seven-day period of September 21, 2006, to December 7, 2006. The circuit court excluded the time, noting that the delay was because the Arkansas Crime Laboratory "report was not available." Davis notes that Arkansas Rules of Criminal Procedure 28.3(d)(1) requires that due diligence has been exercised to obtain the evidence; however, no argument is developed. We are offered this mere conclusion and are not cited to a single case.[1] We are not even told by Davis how there was a lack of due diligence. The failure to develop an argument precludes review on appeal. *Flowers v. State*, 373 Ark. 119, 282 S.W.3d 790 (2008). Thus, the seventy-seven days must be excluded. Subtracting seventy-

seven from 567 leaves 490 days between the date of arrest and the date of trial.

## C. *December 7, 2006, to April 16, 2007*

■ Davis next asserts that the circuit court erred in excluding the 130–day period of December 7, 2006, to April 16, 2007. The order resetting the trial to April 16, 2007, states that the trial was continued to accommodate a request for three trial days. The previous December 7, 2006 trial date was for a one-day trial. The continuance to April 16, 2007, was ordered when Davis sent a letter to the circuit court case coordinator stating that "because of the nature of the offense and the number of witnesses, the defense requests that the trial in this matter be scheduled for a minimum of three days." The circuit court interpreted this as a request for a continuance to the first date the circuit court's docket was free for three days. Trial was then reset for April 16–18, 2007. Davis states that the court misinterpreted the letter, and he asserts that he never asked for a continuance. The letter is unclear. The letter does not request that the December 7, 2006 trial date be retained and additional days granted, but it does request a three-day trial. We cannot say that the circuit court abused its discretion in concluding that Davis sought to continue his case to the next three open trial days on the court's docket. *See, e.g., White v. State*, 330 Ark. 813, 958 S.W.2d 519 (1997) (no abuse of discretion on the part of the trial court in excluding the time attributed to the unavailability of a witness).

---

1. We note that the evidence was timely submitted to the Arkansas Crime Laboratory. What diligence was exercised by the State thereafter is not revealed by the record. However, like the Arkansas State Hospital, the crime lab is not part of the judiciary. In *Mack v. State*, 321 Ark. 547, 550, 905 S.W.2d 842, 844 (1995) (quoting *Collins v. State*, 304 Ark. 587, 590, 804 S.W.2d 680, 681 (1991)), we stated of the Arkansas State Hospital that, "delays caused by its operations would not be subject to the same level of scrutiny as delays caused by the criminal justice system itself." Likewise, we will not subject delays caused by operations of the crime lab to the same level of scrutiny as delays caused by the criminal justice system itself.

Finally, Davis argues that the circuit court erred in excluding this time based on court congestion. Because we conclude there was no error in finding a request for a continuance, we need not address this argument. Subtracting 130 days from 490 days leaves 360 days between the date of arrest and the date of trial. Thus, trial occurred within the twelve-month period allowed. The circuit court did not deny Davis his right to a speedy trial.

Additional periods of time were excluded by the circuit court. We need not analyze whether these periods were excludable because we have concluded that trial occurred within 360 days of arrest; however, we note for the benefit of the bench and bar that the additional periods of exclusion suffer the same problems with the docket and record as noted above. Congestion of the court docket was noted and relied on without explanation in a court order. Motions were filed and orders were entered on the same day without any hearing in court. In one instance, the certificate of service indicated that the motion was mailed to Davis's counsel on the day the motion was filed and the order was entered. The circuit court in its order denying the Motion to Dismiss on speedy trial grounds noted that there was no objection to the delay. It would be hard for the defendant to object to a delay before his counsel even received notice the motion that would cause the delay was being filed.

### Stipulation to Exclude Evidence of Other Crimes, Wrongs, or Acts

Davis argues that the circuit court erred in refusing to enforce a stipulation that he entered into with the State that no evidence of other crimes, wrongs, or acts would be offered in this case. The circuit court found that no stipulation existed and analyzed admission of evidence of other crimes, wrongs, or acts under Arkansas Rule of Evidence 404(b). The circuit court admitted some evidence and excluded other evidence. Davis concedes that the circuit court correctly determined admissibility of the evidence under Rule 404(b) but asserts that no evidence of other crimes, wrongs, or acts could be admitted due to the stipulation he reached with the State. Davis asserts that the stipulation was entered into at the oral argument on his motion to disclose evidence of other crimes, wrongs, or acts. The question presented then is whether Davis and the State entered into a stipulation that no evidence of other crimes, wrongs, or acts would be offered at trial.

This court defined a stipulation in *McClard v. Crain Management Group, Inc.*, 313 Ark. 472, 476, 855 S.W.2d 929, 931 (1993):

A stipulation is a "name given to any agreement made by the attorneys engaged on opposite sides of a cause (especially if in writing) regulating any matter incidental to the proceedings or trial, which falls within their jurisdiction." *Black's Law Dictionary* 1269 (5th ed.1979). The "stipulations" filed by McClard and Stacks were not signed by both sides. Absent agreement between the attorneys to stipulate, Freeway Ford was within its rights to supplement the record if appropriate.

Thus, a stipulation may be made in writing. A stipulation can also be reached where both parties or their counsel appear before the court to make an oral stipulation official. *See, e.g., Smith v. Washington*, 340 Ark. 460, 10 S.W.3d 877 (2000).

Davis's motion asked the State to disclose any evidence of other crimes, wrongs, or acts, and in oral argument the prosecu-

tor stated it had no "404(b) evidence,"[2] and did not intend to offer any. The circuit court then asked, "Anything further on that motion ... ?" Davis's counsel responded, "No." While this statement by the prosecutor may be argued to be a representation to the circuit court of what evidence the State had that might be subject to Arkansas Rule of Evidence 404(b), and perhaps what evidence it intended to offer, it does not constitute an agreement with Davis that no evidence of other crimes, wrongs, or acts would be offered. Davis offers no other evidence that a stipulation was made.[3]

A decision of the circuit court on whether the parties have a stipulated is a finding of fact reviewed under the clearly erroneous standard. *See, e.g., City of Rockport v. City of Malvern,* 356 Ark. 393, 155 S.W.3d 9 (2004) (finding of fact on a stipulation). "A finding is clearly erroneous when, although there was evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *R.M.W. v. State,* 375 Ark. 1, 289 S.W.3d 46, 50 (2008). The circuit court found that the parties entered into no stipulation to exclude from trial all evidence of other crimes, wrongs, or acts. The circuit court was not clearly erroneous in reaching this decision. Thus, there was no error in the court analyzing what evidence of other crimes, wrongs, or acts was admissible, and again we note that Davis agrees that the evidence admitted was properly admitted under Ark. R. Evid. 404(b).

### Fitness to Proceed

Davis asserts that the circuit court erred in failing to sua sponte hold a hearing on competency. Although Davis asked for and received a mental evaluation, no hearing on his mental fitness was requested and none was held. Where a mental evaluation is undertaken, and neither party contests the evaluation, a hearing need not be held. *Greene v. State,* 335 Ark. 1, 977 S.W.2d 192 (1998): "A defendant in a criminal case is ordinarily presumed to be mentally competent to stand trial, and the burden of proving incompetence is upon the defendant." *Mask v. State,* 314 Ark. 25, 32, 869 S.W.2d 1, 5 (1993).

However, a circuit court must order a hearing on competency sua sponte when there is "reasonable doubt about the defendant's competency to stand trial." *Jacobs v. State,* 294 Ark. 551, 553, 744 S.W.2d 728, 729 (1988) (citing *Campbell v. Lockhart,* 789 F.2d 644 (8th Cir.1986)). It was Davis's burden to prove there was reasonable doubt about Davis's competency to stand trial. There was no duty on the circuit judge to sua sponte order a competency hearing under the facts in this case.

---

2. Clearly, there was evidence of other crimes, wrongs, or acts as evidenced by the circuit court's analysis and admission of evidence under Arkansas Rule of Evidence 404(b). We note that the State at trial indicated that after Davis's motion to disclose evidence was decided, it learned of evidence it did wish to offer. The issue of what representation, if any, that the State made to the circuit court regarding evidence at the time of the motion to disclose was not litigated below and is not at issue on this appeal.

3. The circuit court did find that if the State agreed in open court to forbear offering evidence, the State would be held to that agreement. The State requested and was allowed to make additional argument to the circuit court. The circuit court found that the additional evidence to be offered through the testimony of Gracie Darby was not evidence the State had agreed to withhold from trial.

*Arkansas Model Jury Instruction Criminal 202*

■ Davis alleges the circuit court erred in refusing to instruct the jury with Arkansas Model Jury Instruction Criminal 202 (prior inconsistent statements by a witness other than the accused) when after deliberations began, the jury requested to review witness Marcia Flores Sperry's testimony. This instruction may be given when a witness testifies at trial inconsistently with testimony provided by that witness prior to trial and should be given at the time the inconsistent testimony is admitted into evidence. *See* AMI Criminal 2d 202 note.

■ Sperry testified that she lied to police and gave them false details such as where she was at the time of the crime; however, her statements that she saw Davis kill Young remained consistent. Davis made no request for the instruction at the time Sperry testified at trial and did not request it when the jury was instructed. A trial court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). We find no abuse of discretion.

### Rule 4–3(h) Review

The record in this case has been reviewed for reversible error pursuant to Supreme Court Rule 4–3(h), and none has been found.

Affirmed.