Virgil Wayne ROBERTS *v.* CITY OF CONWAY

CA CR 79-28                      586 S.W. 2d 13

Opinion delivered August 22, 1979
and released for publication September 12, 1979

*Guy H. Jones, Jr., Guy H. Jones, Phil Stratton* and *Casey Jones,* for appellant.

*Jesse W. Thompson,* City Atty., for appellee.

DAVID NEWBERN, Judge. Appellee Roberts was convicted in Conway Municipal Court of driving while under the influence of intoxicants, first and second offenses, and driving a vehicle without a license. The municipal court trial took place March 28, 1977. The conviction was appealed, and the appeal came on for trial (de novo) in the Circuit Court on February 8, 1979.[1]

---

[1] No mention is made on this appeal that the special municipal judge

At the Circuit Court hearing, a motion to dismiss was presented. It was based on the requirement of A.R. Crim. P. 28.1 and 28.2 that a defendant must be brought to trial before the end of the third full term of court from the time the charge is filed. Excluded from the limitation period is "the period of delay resulting from a continuance granted at the request of the defendant or his counsel." A.R. Crim. P. 28.3 (c).

At the hearing in the Circuit Court, the defense counsel moved to dismiss. He and the City Attorney stipulated that three terms of court had passed since the December 1976 term. The defense counsel referred to a circuit court docket notation that on July 20, 1978, the case was "continued at the request of the defendant." The defense counsel then commenced to "testify" that he had been counsel for the defendant since before the munciipal court trial, and that at no time had the defendant ever moved for a continuance. The City Attorney insisted the Court accept the docket notation made by the former circuit judge.

The conviction was affirmed, with the Court noting that the defendant had failed to appear, preferring to stand on his motion to dismiss.

Assuming without deciding that Rule 28.1, et seq., apply to cases appealed to circuit courts as well as to cases in which charges are filed in circuit courts, we affirm the Court's action. The only evidence before the Court consisted of the docket notation. Counsel for the defendant was not sworn, no affidavits were filed, and no witnesses were called. The Court had no choice but to rely on the docket notation.

This case is easily distinguishable from *Holland* v. *State*, 252 Ark. 730, 480 S.W. 2d 579 (1972), in which there was a joint stipulation that the defendant had not sought a continuance. See also, *Baugh* v. *City of Pine Bluff*, 257 Ark. 768, 520 S.W. 2d 275 (1975), where the Arkansas Supreme Court makes it clear that in a case such as this, the defendant has an affirmative obligation to offer proof that any delay was not at the instance of the defendant.

Affirmed.

who initially convicted the defendant and the circuit judge to whose court the case was appealed were the same person.