James R. BOWEN and James Richard Cagle *v.*
STATE of Arkansas

CA CR 00-537

42 S.W.3d 579

Court of Appeals of Arkansas
Division IV
Opinion delivered April 4, 2001

*Hodson, Wood & Snively,* by: *Michael Hodson,* for appellants.

*Mark Pryor,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellants James Ronnie Bowen and James Richard Cagle were arrested on May 15, 1997, and charged with theft by receiving over $2,500. A jury trial was held on December 14 and 15, 1999, and the jury returned a guilty verdict against both appellants. They were sentenced to ten years' probation, a fine of $10,000, and ordered to pay $310,000 in restitution. For their sole point on appeal, they argue the trial court erred in failing to dismiss their case for violation of their right to a speedy trial. We affirm.

Under Ark. R. Crim. P. 28.1, an accused must be brought to trial within twelve months unless necessary delay occurs as authorized in Ark. R. Crim. P. 28.3. The speedy-trial period began on the date of Bowen and Cagle's arrest. Ark. R. Crim. P. 28.2(2)(a). It is undisputed that 944 days lapsed from the date of Bowen's and Cagle's arrest and their jury trial. This exceeds the twelve-month requirement of Ark. R. Crim. P. 28.1 and 28.2 by 579 days. Accordingly, appellants made a *prima facie* showing of a violation of the rule, and the burden shifted to the State to show good cause for the delay. *Chenowith v. State,* 341 Ark. 722, 19 S.W.3d 612 (2000).

The first time period in dispute is from September 24, 1997, to February 4, 1998. The trial court excluded this period from the speedy-trial calculations in its October 4, 1999, order, reasoning that because appellants' counsel approved the order as to form and did not raise any objections to the excluded period of time, the motion was a joint motion to have the period excluded. Appellants

argue the trial court erred in excluding this period for three reasons: (1) the motion for continuance was made solely on behalf of the State; (2) neither the docket sheet, nor the order, contains any reference to the reasons for the State's requested continuance; (3) the order excluding time for the continuance was not date specific in violation of Ark. R. Crim. P. 28.3.

Appellants first assert that the September 24, 1997, motion for continuance was made solely on behalf of the State and hence, is governed by Ark. Rule Crim. P. 28.3(d). Therefore, they assert, there are two situations where State-requested continuances may be excludable, *i.e.*, unavailability of evidence and complexity of the case. Ark. R. Crim. P. 28.3(d)(1) and (d)(2). They argue neither of these factors were present nor were they evidenced by the testimony, docket entries, or orders. The State counters that although it made the motion for a continuance, appellants' attorney signed and approved the order as to form, which read "upon oral motion of the parties," and forwarded it to the judge for final entry. Hence, the State asserts that appellants' argument is barred due to failure to timely object, citing *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999). Bowen and Cagle respond that they did not waive their argument for exclusion and cite *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996), *Dean, supra*, and *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995), in support of their position.

In *Mack*, our supreme court said that the time to raise the issue of whether a certain period is excludable is at the hearing where excludability is discussed. Subsequently, in *Tanner*, our supreme court reaffirmed the holding in *Mack*, but refused to extend it to a situation where the trial court continues the case on its own motion, outside the presence of either party. In *Dean*, the defense counsel was present when the trial court plainly stated that it was granting appellant's motion to continue, and defense counsel did not object to the continuance being charged to the appellant. The supreme court held that the time to object is when the trial court makes its ruling, not in a subsequent speedy-trial motion. It then found the period excludable. *Dean, supra*.

It is clear from these holdings that a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion if defense counsel is present at the hearing and has an opportunity to object. Here, appellants' counsel signed the October 6, 1996, order, acquiescing to its express terms, that included the statement that the motion was made "upon oral motion of the *parties*" (emphasis added). When a

defendant takes exception to the wording of an order, it is incumbent on him to bring the matter to the attention of the trial court within a reasonable time. *Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993). Thus, the trial court correctly found that the continuance was considered a joint request.

▮▮ A joint continuance is presumably desired by both parties, which would include the defendant. *Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000). When a motion for continuance is a joint request, the State is not required to establish the unavailability of evidence or the complexity of the case. *Gwin, supra.* Further, because Bowen and Cagle did not object to the order of continuance prior to signing and forwarding it to the judge, their argument that the motion for continuance was made solely on behalf of the State and that the State must give reasons for the continuance is barred by their failure to object to this order. *Mack, supra.*

▮ Bowen and Cagle's argument that the order granting the continuance was not date specific is likewise barred due to their failure to timely object. Bowen and Cagle argue that the time period in the September 24 continuance the order was not excludable pursuant to *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991). They assert that the untimely filing of the order, a few weeks after the decision to continue the case, is sufficient reason to disallow the exclusion of time because *Hicks* held that "a trial court should enter written orders or make docket notations at the time continuances are granted to detail the reasons for the continuances and to specify, to a day certain, the time covered by such excluded periods." *Hicks, supra.*

▮ The State correctly argues that reliance on *Hicks* is misplaced as Rule 28.3(b) was amended by per curiam order on April 22, 1999. *See In Re Ark. R. Crim. P. 28*, 337 Ark. 627 (1999). Appellants' motion to dismiss for lack of a speedy trial, brought August 12, 1999, is governed by this amended rule, which provides that the excludable period of time "shall be set forth by the court in a written order or docket entry, but it shall not be necessary for the court to make the determination until the defendant has moved to enforce his right to a speedy trial." Thus, it is of no consequence that the oral motion for continuance was entered on the docket sheet on September 24, 1997, but the order granting the continuance was not filed until October 6, 1997.

The next time period contested by appellants is from February 5, 1998, to February 25, 1998. Appellants argue that this period

should not be excluded from the speedy-trial calculation because the order memorializing this continuance was never filed. There is no docket notation for the month of January 1998. However, at the hearing on appellants' motion to dismiss, the State introduced as exhibits two orders of continuance dated January 28, 1998, and signed by the trial court and approved as to form by appellants, their defense counsel, and the prosecuting attorney. The order provides that it was granted upon the defendants' oral motions and excludes the period of time from January 28, 1998, to February 25, 1998. At the hearing, appellants did not contest the validity of defense counsel signatures, but objected because there was no showing that they were in fact orders of the court, they were not filed, and as copies, they were not the best evidence.

██ ██ The State argues that the "defendant has an affirmative obligation to offer proof that the delay was not at the instance of the defendant." *Roberts v. City of Conway*, 266 Ark. 825, 826, 586 S.W.2d 13, 14 (1979). Although the orders of continuance were not filed, the State asserts that they demonstrated the defendants requested the delay, and the time was properly excluded pursuant to Ark. R. Crim. P. 28.3(c) (2000). Notwithstanding, appellants argue that according to Ark. R. Crim. P. 28.3(i), all excluded periods of time shall be by written order and that it can be assumed that the order must be filed to be effective, citing *Hicks, supra*. It is true that a trial court should enter written orders or make docket notations at the time the continuance is granted to detail reasons for the continuance, but a trial court's failure to comply with subsection (i) does not result in automatic reversal. *McConaughy v. State*, 301 Ark. 445, 784 S.W.2d 768 (1990); *Henson v. State*, 38 Ark. App. 155, 832 S.W.2d 269 (1992). In *McConaughy, supra*, and *Henson, supra*, the court held that because the delaying act was memorialized in the record, taken at the time it occurred, the record was sufficient to satisfy the requirements of Rule 28.3(i). Here, there is no record for this court to rely upon. Therefore, because the order was not filed, there is no docket notation at the time the continuance was granted, and there is no record memorializing the continuance, we agree that this twenty-day time period is not excludable. *See Shaw v. State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986) (reversing the denial of the appellant's speedy-trial motion because there was a complete absence of written orders or docket entries detailing the reasons for the delay in trial).

Appellants next argue that the period of time from February 26, 1998, to June 8, 1998, is not excludable. There is no indication in the record or the docket of any activity during the February trial

term and the case was apparently reset for trial on June 8, 1998. It is the State's burden to show the delay was a result of the defendant's conduct or otherwise justifiable by the excluded period recognized by the criminal rules. *Gwin, supra.* The State does not contend that this period is excludable. Thus, these 102 days are not excludable.

The period from June 8, 1998, to October 4, 1998, is the next contested period. The State moved for a continuance on May 20, 1998, with an excludable period of time due to the fact that the chief investigator in the case, Glenn Sligh, would be out of state and unable to testify at the scheduled June 8, 1998, trial. Upon receiving the May 11, 1998, order setting the trial for June 8, Officer Sligh testified that he immediately wrote the prosecuting attorney of his longstanding vacation plans. The court signed the order dated May 20, 1998, excluding the requested period of time.

Appellants argue that they did not waive their objection because they had no opportunity to object to the continuance before the order was entered. However, appellants' counsel was mailed a copy of the motion in which the State expressly requested an excludable period on May 19. Even if appellants' counsel received notification after the order granting the continuance was signed, in accord with *Dean, supra,* appellants had the obligation to object to the exclusion of the time at the earliest opportunity after receiving this notice, rather than over a year later in the speedy-trial motion to dismiss.

The next period contested is July 30, 1999, until August 12, 1999. Again, it is the State's burden to show the delay was excludable, and the State concedes this fourteen-day period is not excludable.

Lastly, appellants contest the period of time from October 8, 1999, to December 14, 1999, arguing that this period of time from the trial court's denial of their motion for a speedy trial until the beginning of the trial is not excludable. The State counters that appellants filed a motion for continuance on September 22, 1999, requesting that the September 21, 1999, trial date be rescheduled for a later date. The trial court entered an order granting the continuance from September 21, 1999, through December 14, 1999. Ark. Rule Crim. P. Rule 28.3(c) permits the exclusion of periods resulting from a continuance granted at either the defendant's or his counsel's request. This period was requested by the appellants and is excludable.

The excludable periods plus the time appellants do not contest total 679 days. Thus, appellants were tried within 265 days, well within the one-year speedy-trial period.

Affirmed.

ROBBINS and BIRD, JJ., agree.