MIKE MURPHY, Judge
Appellant Alton Ray Robertson, Jr., was convicted of residential burglary and sentenced to 60 years' imprisonment in the Arkansas Department of Correction. His sole argument on appeal is that his right to a speedy trial was violated. We conclude that it was, and we reverse and dismiss his conviction.
Robertson was arrested on November 18, 2016, and was subsequently charged with residential burglary and aggravated assault. He was on parole at the time of his arrest and was later found to have ultimately violated the terms of his parole, so he remained in the State's custody from the time of his arrest through his jury trial on March 27, 2018, 494 days.
On February 28, 2018, pursuant to Rule 28.1(c) of the Arkansas Rules of Criminal Procedure, Robertson filed a motion to dismiss, asserting that his right to a speedy trial had been violated due to the State's failure to bring him to trial within twelve months of the date of his arrest. The motion was denied, and Robertson was convicted of residential burglary and acquitted on the aggravated-assault charge. Robertson appeals, specifically arguing that a particular order continuing his case, which was entered by the court on its own motion, did not comply with Arkansas Rule of Criminal Procedure 28.3(b) and was therefore insufficient to toll the running of time for speedy-trial calculations.
Under Rule 28.1 of the Arkansas Rules of Criminal Procedure, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. Ark. R. Crim. P. 28.1(c) ; Yarbrough v. State , 370 Ark. 31, 33-34, 257 S.W.3d 50, 53 (2007). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1 ; Yarbrough, supra. Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his trial took place outside the speedy-trial period, the State bears the burden of showing that *325 the delay was the result of the defendant's conduct or was otherwise justified. Id.
In the case before us, Robertson was arrested on November 18, 2016. On February 28, 2018, he filed a motion to dismiss for violation of his speedy-trial rights based on a scheduled trial date of March 20, 2018. We have held that the filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. Id. The time period between the arrest and the filing of the motion is 468 days.
Here, the State concedes that Robertson made a prima facie showing of a speedy-trial violation and that the burden shifted to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. Thus, we must determine whether the circuit court correctly excluded the challenged time periods from its speedy-trial calculations.
Robertson does not contest the exclusion of 28 days from February 7 to March 7, 2017, and another exclusion of 70 days from June 13 to August 22, 2017, as both delays were due to continuances he had requested. When 98 days are excluded from the 468-day period, 370 days remain.
Robertson had a trial set for Monday, October 23, 2017. That same day, the trial court entered an order continuing the trial until March 20, 2018. The order noted that a five-day jury trial was scheduled to begin October 23, 2017, and it stated that the time from October 23, 2017, until March 20, 2018, was excluded by the trial court for speedy-trial-calculation purposes. The order notes that it was distributed to Robertson's counsel. The trial court entered a second order continuing the trial to March 27, 2018. This order did not state that the time was excluded for speedy-trial purposes, and Robertson does not contend that it should be excluded from the speedy-trial calculation, except insofar as the speedy-trial time was tolled when Robertson filed his motion to dismiss for speedy-trial violations on February 28, 2018. Thus, this appeal raises the question of whether the 128-day period from the filing of the trial court's order on October 23, 2017, to the filing of Robertson's speedy trial motion on February 28, 2018, is rightly excluded from the speedy-trial calculation.
Robertson argues that it is not, because both the order and the docket entry failed to satisfy the requirements for exclusion found in Rule 28.3(b) of the Arkansas Rules of Criminal Procedure. Specifically, the entirety of the October 23, 2017 order stated that
1. This matter is on the Court's docket the week of October 23, 2017.
2. [Another case] is scheduled to begin October 23, 2017, and anticipated will take five days to complete.
3. The jury trial of this matter is hereby continued to Tuesday-Thursday, March 20-22, [2018], at 8:30 a.m.
4. The time from October 23, 2017 until March 20, 2018, is excluded for purpose of speedy trial calculation.
Arkansas Rule of Criminal Procedure 28.3(b) provides that in the event of docket congestion, a period of delay resulting from a continuance may be excluded for speedy trial purposes but only when, at the time the continuance is granted, a written order is entered wherein the court (1) explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled; (2) determines that the delay will not prejudice the defendant; and (3) schedules the trial on the next available date permitted by the trial docket.
We agree with Robertson that the October 23, 2017 order unequivocally does not meet the requirements set forth in *326 Rule 28.3(b).[1] At the hearing on Robertson's speedy-trial motion, it was adduced that there was a possibility that the court had "cleared calendars" with staff at Robertson's counsel's office; however, even if the March 20, 2018 date was cleared as the first available date for Robertson's counsel, the order entered to that effect was still insufficient per the rules.
The State asserts that Robertson's argument is not preserved for appeal because Robertson did not make a contemporaneous objection to the exclusion of the time for speedy-trial purposes. Typically, a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion if defense counsel is present at the hearing and has an opportunity to object. Bowen v. State , 73 Ark. App. 240, 243-44, 42 S.W.3d 579, 582 (2001). This is known as the contemporaneous-objection rule, and its purpose is to give the trial court an opportunity to know the reason for the disagreement with its proposed action prior to making its decision. Marta v. State , 336 Ark. 67, 80, 983 S.W.2d 924, 931 (1999).
Our supreme court discussed contemporaneous objections in sua sponte continuances in Tanner v. State , 324 Ark. 37, 42-43, 918 S.W.2d 166, 169 (1996). In Tanner , the court, at a pretrial hearing and on its own motion, reset the appellant's trial. Id. at 39, 918 S.W.2d at 167. The record did not indicate that the appellant or his counsel were present at the hearing, and an order excluding the period between the original and new trial dates was entered. Id. The order indicated the prosecution and defense were notified by mail. Id. The case was subsequently continued, and the appellant waited until approximately three months after the entry of the first order, and the day before trial, before raising an issue with it. Id. On the facts before it, our supreme court concluded that the appellant did not waive his right to move for dismissal based on a speedy-trial violation. Id. at 42-43, 918 S.W.2d at 169. Here, like in Tanner , there was no hearing, and there is no indication that Robertson's counsel had an opportunity to object.
The State argues that by virtue of "clearing calendars" with the defense attorney's office, Robertson had an opportunity to object. We are hesitant to say, however, that this is enough, especially considering that there is no record of the alleged phone conversation before us. Instead, what we have is a concession that calendars for future dates might have been checked, no record of what occurred on that phone conversation, and a sua sponte order that is insufficient on its face to toll speedy-trial calculations per our rules. On this record, it is not readily apparent that Robertson had an opportunity to make a contemporaneous objection. We reverse and dismiss.
Reversed and dismissed.
Abramson and Harrison, JJ., agree.

The court, ostensibly recognizing the deficiencies of its October 23, 2017 order, and after a hearing on Robertson's speedy-trial motion took place, entered an amended order of continuance on March 26, 2018. However, Rule 28.3(b) requires that the order of continuance be entered at the time the continuance is granted. Thus, the March 26, 2018 amended order is also insufficient to toll time for speedy-trial calculations.