Cite as 2025 Ark. App. 143

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-24-490

|  |  |
|---|---|
| LOVELL GOVAN | **Opinion Delivered** March 5, 2025 |
| APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-20-396] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JIM F. ANDREWS, JR., JUDGE |
| APPELLEE | |
|  | REVERSED AND DISMISSED |

## BRANDON J. HARRISON, Judge

Lovell Govan was found guilty of eight felonies and now appeals, arguing that the circuit court erred in denying his motion to dismiss on speedy-trial grounds. We agree that Govan's right to a speedy trial was violated, and we therefore reverse and dismiss the case.

Govan was arrested on 25 August 2020, and on 16 October 2020, the State filed an information charging Govan with two counts of attempted capital murder, four counts of kidnapping, and one count each of residential burglary, theft of property, terroristic threatening, and aggravated assault. The State alleged that Govan had shot both Edwina Howard and her daughter multiple times and held them hostage overnight before fleeing.

On 24 October 2023, Govan moved to dismiss all charges due to lack of a speedy trial. He asserted that he had been incarcerated while waiting for trial and that while some of that time had been properly excluded for speedy-trial purposes, 398 days had not and should not be excluded.

After hearing arguments on the matter and accepting briefs from the parties, the circuit court denied the motion. The case proceeded to trial, and a jury acquitted Govan of the residential-burglary and aggravated-assault charges, found him guilty of the lesser-included offense of first-degree battery in place of one of the attempted-capital-murder charges, and found him guilty of the remaining charges. The court imposed an aggregate term of thirty years' imprisonment, and Govan has timely appealed.

The time for trial begins to run on the date of either the defendant's arrest or service of summons. Ark. R. Crim. P. 28.2(a). It continues to run uninterrupted except during any applicable "excluded periods" set forth in Rule 28.3. The filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Barefield v. State*, 2021 Ark. App. 151. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008) (citing Ark. R. Crim. P. 30.1).

When a defendant makes a prima facie showing of a speedy-trial violation, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Crawford*, *supra*. A prima facie case for a speedy-trial violation is made when there is a period of delay beyond twelve months from the date of the charge. *Id*. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under speedy-trial rules. *Id*.

Here, because Govan was not brought to trial within twelve months of the date of his arrest, he presented a prima facie case for a speedy-trial challenge; the burden of proving

2

that the extra days were legally justified and excludable now shifts to the State. *See Crawford*, *supra*. The delay between his arrest, 25 August 2020, and the date his motion to dismiss was filed, 24 October 2023, is 1,155 days; accordingly, the State bears the burden of showing that at least 790 days should not be included in the calculation. Govan challenges five time periods that the court excluded from his speedy-trial calculation.[1]

## I. *15 December 2020 to 16 February 2021*

On 6 January 2021, the circuit court entered an order for continuance "upon the Motion of the Defendant" for the period from 15 December 2020 to 19 January 2021.[2] On 12 February 2021, the court entered another continuance order for the period from 19 January 2021 to 16 February 2021.

At the speedy-trial hearing held on 26 October 2023, defense counsel acknowledged that "December 15th until the February date on that order, that was ordered by the Court on our motion to be excluded." The circuit court's order denying the motion to dismiss reflected that the parties "concurred that this time period was a legally excludable period."

On appeal, Govan asserts that "there was no file-marked motion or request [for the continuance orders] in the record, nor were the orders signed by defense counsel." He also acknowledges that this time period was not contested below, but he now argues that given

---

[1]Govan discusses five other time periods in his brief, but those time periods were either not excluded or not contested.

[2]All continuance orders discussed in this opinion are "boilerplate" orders that indicate the order is upon the motion of the defendant and for good cause shown.

this court's de novo review, these periods should not be excluded "due to the egregious lack of a record in this case" and the State's failure to show that these time periods were properly excluded.[3]

In response, the State asserts that not only did Govan agree below that this period was properly excluded, his trial counsel confirmed at the speedy-trial hearing that the defense had moved for those continuances. Periods of delay resulting from continuances granted at the request of the defendant or his counsel are excluded for speedy-trial purposes. Ark. R. Crim. P. 28.3(c).

We hold that this 63-day time period was properly excluded from the speedy-trial calculation because the continuances were granted at the request of the defendant.

## II. *10 March 2021 to 14 June 2022*

On 10 March 2021, Govan moved for a criminal responsibility examination (CRE) and a fitness to proceed (FTP) examination, and the court ordered both examinations that same day. The time between when a mental examination is ordered and when the report is filed is excludable for speedy-trial computation. *Perkins v. State*, 2019 Ark. 247, 582 S.W.3d 1; *Davis v. State*, 375 Ark. 368, 291 S.W.3d 164 (2009).

---

[3]Govan also argues several times in his brief that the parties' "stipulation" below should not be accepted as a substitute for the record. *See Burrell v. State*, 65 Ark. App. 272, 986 S.W.2d 141 (1999) (affirming circuit court's denial of speedy-trial motion, even though State conceded error, because appellate court is not bound by the State's conclusion that error occurred). We note that there are several times that the parties agreed a time period should be excluded, but this is not the same as a "stipulation" substituting for the record.

4

On 21 July 2021, the court received a forensic evaluation from Arkansas State Hospital (ASH); in that evaluation, Dr. Melissa Wright opined that Govan "possessed an adequate understanding of the proceedings against him but lacked the ability to provide effective and rational assistance to his attorney in his own defense."

The court excluded the time periods of 20 July 2021 to 17 August 2021, 17 August 2021 to 19 October 2021, and 19 October 2021 to 16 November 2021 in continuance orders at the defendant's request. On 9 November 2021, the circuit court entered an order committing Govan to the custody of the director of the Department of Human Services due to unfitness to proceed.

On 27 April 2022, Monica Lopez, the records–intake supervisor at ASH, sent a letter to the court informing it that Govan had completed his inpatient restoration and that Dr. Sandra Michel's "full report with all ordered forensic opinions will be forthcoming." Govan's CRE and FTP reports were filed with the court on 14 June 2022.

The parties agreed below that this excludable time period began on March 10 but disagreed on when the excludable time period ended. Govan argued that the time period ended on 27 April 2022, when the court received the letter notifying it that Govan had completed treatment. The State, on the other hand, asserted that the time period ended on 14 June 2022, when the CRE and FTP reports were filed with the court.

The circuit court found that the April 27 letter was not a full "report" as contemplated by Ark. Code Ann. § 5-2-327(e)(1) (Repl. 2024) because it did not contain certain findings and opinions required by the statute, such as a "substantiated diagnosis in

5

the terminology of the American Psychiatric Association's most current edition of the Diagnostic and Statistical Manual of Mental Disorders." *See* Ark. Code Ann. § 5-2-327(e)(1)(C). The court found that the CRE and FTP reports filed on June 14 did contain the required information and that June 14 was consequently the end date for the excluded period.

On appeal, Govan again asserts that the letter filed on April 27 showed that the hospital had conducted all examinations, found no issues, and was returning him to Union County for disposition. Therefore, he argues, the letter should be considered the "report" pursuant to Ark. Code Ann. § 5-2-327(e) that triggers the end of the excluded period. He admits that the April 27 letter does not meet the requirements of subsection (e) but asserts that it was not his responsibility "to make the hospital file a compliant report." He contends that although the April 27 letter stated that a full report would be forthcoming, no such report was filed until the defense requested it. He notes, "A defendant is not required to bring himself to trial or 'bang on the courthouse door' to preserve his right to a speedy trial; the burden is on the courts and prosecutors to see that trials are held in a timely fashion." *Arnold v. State*, 2011 Ark. App. 452, at 4. Therefore, he argues, the time from April 27 to June 14 should not be excluded from the speedy-trial calculation.

The State responds with a new argument that the time period should end not on 14 June 2022 but on 20 December 2022, which is the date defense counsel conceded that Govan was fit to proceed. The State contends that it is the circuit court that must make the determination of fitness to proceed and end the tolling of the period for speedy-trial

purposes. *See* Ark. Code Ann. § 5-2-309(a) (Repl. 2024) ("If the defendant's fitness to proceed becomes an issue at any stage of the case, the issue of the defendant's fitness to proceed shall be determined by the court."); Ark. Code Ann. § 5-2-310(a)(1)(A) & (c)(1) (Repl. 2024) ("If the court determines that a defendant lacks fitness to proceed, the proceeding against him or her shall be suspended. . . . On the court's own motion or upon application of the department, the prosecuting attorney, or the defendant, and after a hearing if a hearing is requested, if the court determines that the defendant has regained fitness to proceed, the criminal proceeding shall be resumed").

The State explains that after the CRE and FTP reports were filed, the court did not make any explicit finding on Govan's competency to proceed. At an omnibus hearing on 20 December 2022, however, Govan's counsel acknowledged that the state hospital had reported that Govan was fit to proceed and stated, "We're ready to move forward with this." The State contends that until counsel withdrew his challenge to Govan's competency, "the proceedings were still suspended because the circuit court had not explicitly found he was fit to proceed."

Alternatively, the State argues that the end date is 14 June 2022, when the CRE and FTP reports were filed, and it denies that any delay in the hospital's submitting the report should be attributed to the State. *See Jackson v. State*, 2015 Ark. App. 603, at 4, 474 S.W.3d 525, 528 (because the state hospital is independent of the judiciary and the prosecuting attorney's office, delays caused by its operations would not be subject to the same level of scrutiny as delays caused by the criminal justice system itself).

7

We hold that the end date for the excluded period is 14 June 2022 and that the 461-day period from 10 March 2021 to 14 June 2022 was properly excluded from the speedy-trial calculation. The law is clear that when tolling time for a mental evaluation, time is excluded from the date the exam is ordered until the date the report is filed. *Galvin v. State*, 2021 Ark. App. 121, 618 S.W.3d 475; *Perkins*, *supra*; *Davis*, *supra*. Govan concedes that the April 27 letter is not a "report" as contemplated by Ark. Code Ann. § 5-2-327(e) but argues that because 48 days passed between the April 27 letter and the filing of the final report, that delay should be held against the State. However, he cites no case law supporting that statement, and according to *Jackson*, *supra*, delays caused by the state hospital are not subject to the same level of scrutiny as delays caused by the criminal justice system.

Regarding the State's argument that the end date should be 20 December 2022, we note that the State does not cite any case law interpreting the statutes in the way it suggests, and the authority that is cited does not support that interpretation. *See Rychtarik v. State*, 334 Ark. 492, 976 S.W.2d 374 (1998) (once a defendant withdraws a defense of mental disease or defect, the question of his sanity is no longer at issue); *Jackson*, *supra* (excludable time ended when defendant withdrew his motion for a mental evaluation); *Harris v. State*, 2011 Ark. App. 233 (unless a defendant requests written findings, a circuit court does not have an affirmative duty to enter written findings that a defendant's fitness has been restored before resuming the criminal proceedings).

III. *17 January 2023 to 21 March 2023*

On 24 January 2023, the circuit court continued the case from 17 January 2023 to 21 March 2023 at the defendant's request. At the speedy-trial hearing, the court stated, "[T]he State contends that the period of January 17th, 2023 to March 21st, 2023, that period is excludable. The Defense concurs and the Court agrees." In its order on the motion to dismiss, the circuit court reiterated that the parties agreed on the start date and end date of this period and that it is an excludable period.

On appeal, Govan again argues that there was no file-marked motion or request for continuance in the record, nor was there any hearing where a continuance was discussed. He acknowledges there was no objection below but asserts that given this court's de novo review, this period should not be excluded. The State notes that in addition to the defense raising no objection, the order stated the continuance was at the request of the defense and was approved and signed by defense counsel. Periods of delay resulting from continuances granted at the request of the defendant or his counsel are excluded for speedy-trial purposes. Ark. R. Crim. P. 28.3(c).

We hold that this 63-day time period was properly excluded from the speedy-trial calculation because the continuance was granted at the request of the defendant, and defense counsel did not challenge this time period at the speedy-trial hearing.

IV. *5 June 2023 to 5 September 2023*

At an omnibus hearing on 21 March 2023, defense counsel stated he had a conflict with the jury trial set on April 3 and that he "may be filing a motion to have a hearing on

9

the finding by the mental health professional." Defense counsel asked to keep the case on the trial calendar, however, and requested the next available date, which was June 5. The court agreed and said, "So let's continue with excluded period to trial date in June." On 23 March 2023, the court entered a handwritten note on the docket that stated, "Mar 21 – cont'd w/e.p. to trial date June 5, 2023. Def to propose omnibus hearing date."

After the handwritten docket notation dated March 21, there are no record entries regarding scheduling until 21 August 2023, when the circuit court issued a scheduling order setting the jury trial for 30 October 2023. On 27 September 2023, however, the circuit court entered a continuance order excluding 21 March 2023 to 5 September 2023.

Govan filed his motion to dismiss for lack of speedy trial on 24 October 2023, which tolled the running of the speedy-trial clock. *See Smith v. State*, 2021 Ark. App. 253, 624 S.W.3d 718. The court convened a hearing on the motion on October 26. The defense challenged the continuance order excluding the time period from 21 March 2023 to 5 September of 2023, arguing that "there should be at least a finding of some good cause, because I don't remember filing a motion or doing anything that would cause—or for asking any continuance for March 21st or thereafter."[4]

The State countered that "there are orders and docket entries that memorialize those continuances and the excluded period," and if the defense wants to challenge the orders he must "present evidence as to the invalidity of those orders; but otherwise, they are filed of

---

[4]The parties later agreed, however, that the time period at issue was June 5 to September 5.

record, they are the record in this case, [and] the State was entitled to rely on that record." The defense disagreed, asserting that "the burden is not on us to prove there was no good cause. The burden is on the State to prove that there was good cause for the delay." The defense continued to argue that "if that order is not based on something supported under [Rule] 28.3, then it should not be in an excluded period." The State remarked that there was another trial taking place in early June and that "may have been the reason why it was continued to September."

After taking time to review the case, the circuit court reconvened the speedy-trial hearing on October 27 and confirmed that it did have another trial on 5 June 2023. The prosecutor concurred that the trial of Marshay Wayne was held on June 5 and that "[a]fter the Marshay Wayne case concluded, there [was] nothing setting Mr. Govan for June 6th or June 20th or any of [its] subsequent court dates that we had in the interim." On June 9 and July 6, the prosecutor asked the trial court assistant about setting a date for Govan's trial but did not get a response. The prosecutor inquired again on August 21 and was told Govan's trial was set for October 30–31. The State speculated that the trial court assistant had overlooked putting Govan's trial back on the trial calendar. The prosecutor also noted, however, in reference to the June date, that the court had two other cases set for trial that month, and the court had remarked, "[W]e have been on a congested docket for a while." The prosecutor also said,

> And can I also add that the continuance from June 5th to September 5th would be proper since the Wayne trial was originally set and scheduled for two days, and then with this case possibly being a two-day trial, but we wanted a three-day trial time on the 5th, 6th, and 7th. And so, that's the

11

reason the State submits the excluded period is proper from June the 5th to September the 5th. . . . Because the congestion of the docket, you couldn't do two, two-day trials with a three-day term. And there was also another case set for trial that same week.

The prosecutor also noted that one of the other cases involved FBI and DEA agents who were subpoenaed for particular dates, making it more problematic to reschedule that trial.

The circuit court observed that the supreme court has held that a crowded docket is not an acceptable excuse for denying a speedy trial absent exceptional circumstances. However, the court also noted that there was still discovery going on in Govan's case as late as the week before the speedy-trial hearing. The court also recalled that it and defense counsel had "happened upon each other at the courthouse approximately two weeks ago," and defense counsel said that he "still had some doubts" about Govan's fitness to proceed. The prosecutor also noted that the situation presented an exceptional circumstance in that the court "inherited this long, unattended docket." The prosecutor stated,

> This Court is hamstrung in trying to get things moving along, but we are making the best effort that we can, but at the same time, we have to rely on this Court's docket, this Court's records, this Court's order in the matter in which we move forward with cases. If the Court determines, as it did in September, that an order of continuance with excluded period was proper, we rely on that.

In addition, defense counsel acknowledged he had no objection to that continuance when the order was entered.

In its written order denying the motion to dismiss, the circuit court made the following findings.

> This Court notes that the filing date of said continuance order was September 11, 2023 and this Court had a criminal docket on September 20,

12

2023 wherein this matter was called and the defense counsel did not object to this Court's continuance order filed nine days earlier. At that same docket call, this Court again continued this matter with an excludable period and the defense counsel did not object to the new continuance period (defense counsel's first objection was in its motion filed of record on October 24, 2023). The general reasons for these continuances were the common and continuing questions of the Defendant's mental fitness to proceed.

This Court concedes that the record surrounding the June 5, 2023 – September 5, 2023 continuance period could have been better, but also asserts that the mental fitness of the Defendant remained in play by and through the defense counsel. Attached as Exhibit 2 to this Order is a copy of email correspondence between this Court, the prosecution, and the defense counsel in early October wherein the defense counsel questioned the mental evaluations of his client and stated he may ask for another mental evaluation of his client. None of the parties involved in this matter desires to see a mentally unfit defendant subjected to a criminal trial. Also evidenced in said email was a statement from the Deputy Prosecutor, Carla Gibson, that she had recently acquired more discovery relevant to the trial of this matter. Accordingly, discovery was still ongoing at the time of the continuance period.

. . . .

As this case has had a byzantine history, and as discovery was continuing at the time of the disputed excluded period of June 5, 2023 – September 5, 2023, and defense counsel continued to put the Defendant's mental fitness into question during the disputed excluded period and did not object to the excluded period until six days before trial, this Court finds good cause under Ark. R. Crim. P. Rule 28.3(h) for the excluded period.

On appeal, Govan argues that the time period from 5 June 2023 to 5 September 2023 should not be excluded because the only basis for the continuance was docket congestion, and the case had not been rescheduled for the next available date. The congestion of the trial docket alone is not just cause for breaching the speedy-trial rule. *Moody v. Ark. Cnty. Cir. Ct.*, 350 Ark. 176, 85 S.W.3d 534 (2002).

13

In addition, he contends, the continuance order did not comply with the requirements of Ark. R. Crim. P. 28.3(b)(1), which provides that the period of delay resulting from a continuance attributable to congestion of the trial docket shall be excluded if, in a written order or docket entry at the time the continuance is granted, the court (1) explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled; (2) determines that the delay will not prejudice the defendant; and (3) schedules the trial on the next available date permitted by the trial docket.

Govan discusses several cases in support of his argument. First, in *Parker v. State*, 2023 Ark. 41, 660 S.W.3d 815, the defendant challenged an order entered sua sponte on 4 December 2019 that retroactively tolled speedy trial from 18 October 2019 until a jury trial date that had yet to be determined. The court listed several reasons for this delay, including a congested docket and the complexity of scheduling a three-week trial with only one courtroom equipped for jury trials and with the necessary electronic equipment. The supreme court observed that "[n]o contemporaneous docket entry, written order, or pretrial colloquy reflected that any portion of the time from October 18, 2019, to December 4, 2019, had been tolled, and the court had not yet held an on-the-record hearing discussing these matters." *Id*. at 4, 660 S.W.3d at 820.

Parker later challenged the entry of this order in a motion to dismiss for lack of a speedy trial. Parker's trial counsel argued that he never agreed to the sua sponte December 4 order and that certain periods were not excludable pursuant to Rule 28. The circuit court denied the speedy-trial motion, noting that there had been "an off-the-record discussion in

14

chambers" and that Parker's trial co-counsel had been present for the in-chambers discussion. *Id.* at 5, 660 S.W.3d at 820.

On appeal, Parker argued that speedy trial was improperly tolled and that the circuit court could not retroactively toll speedy trial for docket congestion. The supreme court agreed that speedy trial can be tolled for docket congestion only if the court enters an order "at the time the continuance is granted." Ark. R. Crim. P. 28.3(b). Thus, the circuit court's order could not have retroactively tolled speedy trial for docket congestion. The supreme court also held that neither the three weeks requested for trial by the State nor the appointment of a new prosecutor in June 2019 was a sufficient basis on which to toll speedy trial for "other good cause." *Id.* at 18, 660 S.W.3d at 827. And finally, the supreme court noted that while the circuit court found good cause under Rule 28.3(h) to toll speedy trial, it did not prioritize the trial by setting a new trial date but merely stated that speedy trial was tolled until "these matters can be brought forth for trial[.]" *Id.* at 15–16, 660 S.W.3d at 826. The supreme court concluded that the time period from 18 October 2019 to an indefinite period of time was not excluded from the speedy-trial calculation.

Next, in *Robertson v. State*, 2019 Ark. App. 73, 568 S.W.3d 323, the defendant had a trial set for Monday, 23 October 2017, but on that day, the circuit court entered an order continuing the trial until 20 March 2018 and excluding the time for speedy-trial purposes. The court's order stated that another case was scheduled to begin on 23 October 2017 and was expected to take five days to complete. The order noted that it was distributed to Robertson's counsel.

15

Robertson filed a motion to dismiss on speedy-trial grounds on 28 February 2018. He argued that the time period from 23 October 2017 to 28 February 2018 should not be excluded because both the order and the docket entry failed to satisfy the requirements for exclusion found in Ark. R. Crim. P. 28.3(b). The State asserted that Robertson's argument was not preserved because he had not made a contemporaneous objection to the exclusion of the time for speedy-trial purposes. The contemporaneous-objection rule provides that a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion if defense counsel is present at the hearing and has an opportunity to object. *Bowen v. State*, 73 Ark. App. 240, 42 S.W.3d 579 (2001).

At the hearing on Robertson's speedy-trial motion, it was adduced that there was a possibility that the court had "cleared calendars" with staff at Robertson's counsel's office, and the State argued that this "clearing calendars" had given Robertson an opportunity to object. *Id.* at 5–6, 568 S.W.3d at 326. This court disagreed, however, considering that there was no record of the alleged phone conversation between the court and counsel's office. We held that it was "not readily apparent that Robertson had an opportunity to make a contemporaneous objection." *Id.* at 6, 568 S.W.3d at 326. Further, even if the 20 March 2018 date had been cleared as the first available date for Robertson's counsel, the court's October 23 order did not meet the requirements set forth in Ark. R. Crim. P. 28.3(b). *Id.* at 5, 568 S.W.3d at 325–26. This court held that the time period should not have been excluded and reversed and dismissed for violation of Robertson's right to a speedy trial.

16

Finally, in *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996), the circuit court sua sponte at a pretrial hearing reset Tanner's trial from 13 December 1994 to 15 February 1995. The record did not indicate that Turner or his counsel was present at the hearing. On December 14, the circuit court entered an order excluding the period between the original and new trial dates because the "trial set for 12/13/94 had to be rescheduled due to commencement of capital murder trial of Frederick Jacobs, Drew [County] . . . on 12/13–16/94." *Id.* at 39, 918 S.W.2d at 167. The order indicated the prosecution and defense were notified by mail.

Two days before the February trial date, Tanner requested a continuance, and the trial was rescheduled for 21 March 1995. The day before the March trial date, Tanner made an oral motion to dismiss for lack of a speedy trial and argued that the court had erred in excluding the period of 13 December 1994 to 15 February 1995 from speedy-trial computation because the law allows exclusion for docket congestion only in exceptional circumstances. The circuit court denied the motion, essentially finding that Tanner had waited too long to contest the 14 December 1994 order.

On appeal, the supreme court stated that while the circuit court apparently wished to try the Drew County murder case on a date originally scheduled for Desha County trials such as Tanner's, the fact that a murder trial is pending in an adjacent county does not, without more, constitute an exceptional circumstance. The supreme court explained,

> We realize that trial courts may, for a variety of reasons, wish to give
> priority to pending murder cases. However, when that desire infringes on
> another defendant's constitutional right to a speedy trial, and on our Rules of
> Criminal Procedure, it must yield, *unless* there are exceptional circumstances.

17

In those situations, the trial court must note the exceptional circumstances in its order continuing the case. Ark. R. Crim. P. Rule 28.3(b). We hold that the commencement of a capital murder trial on the appellant's scheduled trial date, does not, standing alone, constitute an exceptional circumstance justifying exclusion of time for docket congestion. Likewise, in the absence of any explanation other than that the court preferred to try another case, we hold that the time period in question cannot be excluded for "good cause" pursuant to Rule 28.3(h).

*Id.* at 41–42, 918 S.W.2d at 169.

The supreme court also held that Tanner had not waived his right to move for dismissal based on a speedy-trial violation. His motion to dismiss was made before trial, and "under the circumstances of this case, he was not required to challenge the court-ordered exclusion of time immediately upon issuance of the court's order." *Id.* at 42, 918 S.W.2d at 169.

Govan asserts that in this case, the State chose to take another case to trial the week of June 5, so his case was taken off the trial docket due to docket congestion but was not rescheduled until an order entered in August setting the trial for October 30. The continuance order that excluded June 5 to September 5 was not entered until September 27 and did not meet any of the requirements of Ark. R. Crim. P. 28.3(b). Like *Parker*, it was not entered contemporaneously, and it was also insufficient on its face because it did not contain any explanation for why the trial docket did not permit trial on the date originally scheduled, contained no determination on prejudice to the defendant due to the delay, and did not schedule Govan's case for the next available date.

Govan also asserts that while the State chose to try Marshay Wayne the week of 5 June 2023, Govan's case was older, and he had remained in custody for the entirety of his

18

case, so his case should have taken priority. Again, there is nothing in the record that shows the circuit court considered the prejudice to Govan when the continuance was granted, nor was his case rescheduled for the next available date, which, according to the parties, was June 20. Govan reiterates that the only basis for the continuance was docket congestion, and this basis alone is not sufficient to toll speedy trial. *See Parker, supra; Tanner, supra.*

Finally, Govan argues that he properly preserved his argument despite not making a contemporaneous objection. Similar to *Robinson*, there is nothing in the record to indicate there was a hearing wherein he could have objected when the case was continued on June 5. Presumably the September 27 continuance order was distributed to the parties, but there was no hearing on that date, either. Thus, he concludes that his objection was timely raised in his motion to dismiss, and the time period from 5 June 2023 to 5 September 2023 should not be excluded from the speedy-trial calculation.

The State counters that the circuit court's determination that this period was excluded for speedy-trial purposes was based on good cause, not docket congestion. It explains that on 6 October 2023, defense counsel emailed the circuit court stating, "I need to speak one more time with Mr. Govan. His mental evaluations have some issues and I may be compelled to ask for another evaluation as I have heard from the jail that he may be declining mentally." The State contends that this shows that defense counsel was still questioning Govan's competency to stand trial as of early October 2023. The State also notes the circuit court's remarks at the speedy-trial hearing in which the court described running into defense counsel in the courthouse approximately two weeks earlier

19

(approximately October 10), and defense counsel said that he still had some doubts about Govan's mental fitness. The State asserts that it was only at the speedy-trial hearing that defense counsel confirmed that Govan was fit to proceed. Defense counsel also indicated that discovery had been ongoing through the previous week.

In its order denying the motion to dismiss, the circuit court found good cause to exclude this period due to both defense counsel's continued questioning of Govan's competency to stand trial and ongoing discovery. The State argues that the circuit court was correct in doing so because defense counsel's continued representation that he was reviewing his client's mental evaluations and considering challenging those evaluations constituted good cause. As the circuit court noted, "None of the parties involved in this matter desires to see a mentally unfit defendant subjected to a criminal trial." Finally, the State also asserts that Govan has not challenged the finding of good cause on appeal; instead, he focuses his argument on docket congestion.

In reply, Govan challenges the circuit court's finding of good cause due to ongoing questions about his fitness. He argues that there is nothing in the record to show that ongoing questions about his fitness were raised or considered on or around June 5, when his case was removed from the docket. Second, at the 21 March 2023 hearing, the defense had specifically requested that the case remain set for trial on 5 June 2023. He notes that it has long been held that criminal defendants are presumed competent to stand trial and that they have the burden of proving they are not. *Hampton v. State*, 2020 Ark. 344, 609 S.W.3d

393. Govan contends that without any actual request from him, the circuit court had no reason to continue his case on June 5 other than docket congestion.

Govan denies that the circuit court excluded this time based on good cause so that the defense could decide whether to challenge the original fitness evaluations. He claims that good cause was used after the fact as a retroactive justification to avoid the fact that the circuit court failed to enter an adequate contemporaneous order when the case was continued on 5 June 2023. He concludes that because there was no contemporaneous hearing or order when the continuance was granted, his argument is properly preserved.

As a reminder, the circuit court found good cause for the exclusion of 5 June 2023 to 5 September 2023 for the following reasons: (1) the complex history of the case, (2) ongoing discovery during the disputed time period, (3) defense counsel's continued doubts and concerns about Govan's mental fitness, and (4) Govan's failure to object to the excluded period until six days before trial in his motion to dismiss.

First, we disagree that Govan's challenge to this time period was untimely. The circuit court cited *Dean v. State*, 339 Ark. 105, 110, 3 S.W.3d 328, 332 (1999), and stated, "[T]he time to object was at the time the trial court made its ruling, not in the subsequent speedy trial motion." However, as explained above, the contemporaneous-objection rule provides that a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion *if* defense counsel is present at the hearing and has an opportunity to object. *Bowen*, *supra*.

21

Here, the circuit court found that the continuance order was entered on 11 September 2023, and at a criminal-docket hearing on 20 September 2023, "defense counsel did not object to this Court's continuance order filed nine days earlier." The circuit court is mistaken—the court signed the order on September 11, but it was not filed until September 27. Thus, at the September 20 hearing, defense counsel may well have been unaware of the continuance. We hold that, similar to the situation in *Robertson*, it is not readily apparent that Govan had an opportunity to make a contemporaneous objection. We also note that Govan's motion to dismiss was made before trial, and we hold that under the circumstances of this case, he was not required to challenge the court-ordered exclusion of time immediately upon issuance of the court's order.

Next, we also disagree that good cause can be found because Govan's mental fitness "remained in play by and through the defense counsel." As noted above, at an omnibus hearing on 20 December 2022, Govan's counsel acknowledged that the state hospital had reported that Govan was fit to proceed and stated, "We're ready to move forward with this." The next relevant event was the omnibus hearing on 21 March 2023, at which defense counsel asked for a continuance from April to June because he had a scheduling conflict. Defense counsel also stated that he "may be filing a motion to have a hearing on the finding by the mental health professional who said that at the time of the offense that he was able to know right from wrong." However, in response to the court's concern that the case could not proceed until fitness questions are resolved, counsel said, "Technically, it's resolved. . . . I need to talk to that lady and find out how she came to that conclusion. . . .

After I talk to her, I will probably either file a motion or we will just keep it on the trial calendar."

The record is clear that the defense did not file a motion for a hearing on the mental-health finding, or any other motion for that matter, before the scheduled trial date of June 5. In fact, the next motion filed by Govan was his speedy-trial motion on October 24. In its order, the circuit court cited an email exchange in October to show that defense counsel was still questioning the mental evaluation of his client. The State also cites an email exchange in October, as well as the court's ex parte conversation with defense counsel in October, to show that defense counsel was still questioning Govan's competency to stand trial. However, emails or conversations in October do not demonstrate that defense counsel was questioning the mental capacity of his client to such a degree on or around June 5 that the court felt compelled to enter a continuance order on that basis and reschedule the June 5 trial date.

On the issue of ongoing discovery, the record is silent as to any discovery issues around the June 5 trial date. At the 19 September 2023 omnibus hearing, the court asked whether discovery was complete, and the defense counsel responded, "I believe it is, Your Honor." At the speedy-trial hearing, the court asked when discovery was complete in this case, and defense counsel said,

> Honestly, I would like to look through their file more. There is still some stuff. I am not sure that I have seen all of it, but I would say it was at least complete last week. . . . I don't anticipate that there is any—I would always like more time to look over the State's file. . . . I believe that I have got everything that is in [their] file.

23

Defense counsel later acknowledged that he had viewed new discovery the week before (approximately October 20), and according to the State, they received that discovery at the end of September. Defense counsel objected to the introduction of this discovery "because it wasn't available originally when this was set for trial."

In its order denying the motion to dismiss, the circuit court referenced an email dated 10 October 2023 from the prosecutor to the court and defense counsel in which the prosecutor stated, "And UCSO [Union County Sheriff's Office] just brought me some (more) discovery." Thus, the court found that "discovery was still ongoing at the time of the continuance period." In its appellate brief, the State also references emails from October 2023 to establish good cause due to ongoing discovery.

Govan responds that the State's position ignores that the circuit court's stated reasoning for good cause occurred well after the June 5 trial date and is not supported by the record. There is nothing in the record indicating good cause due to ongoing discovery as a basis for continuing the trial on June 5. In fact, the record shows that Govan's case was continued—without any notice, hearing, or contemporaneous order—so the State could try another case first.

We hold that the record does not support the court's finding that ongoing discovery necessitated a continuance of Govan's case from June to September. Again, emails or statements from October 2023 cannot show that discovery issues existed in June 2023. Whatever additional discovery had come to light in September or October is of no moment as it would have been unavailable to the State and the defense at the time of trial in June.

24

This leaves us with whether the "complex history" of this case can support a finding of good cause. As explained above, the prosecutor argued at the speedy-trial hearing that the court was in an exceptional circumstance because it inherited a "long, unattended docket." Also at the speedy-trial hearing, the circuit court remarked, "I think we are all aware of the shortcomings of my predecessor and what brought me here. I will say that it has been a challenge just trying to straighten a number of things out. . . . I have got a lot backed up on criminal." The circuit court's order on the motion to dismiss noted that "this matter has involved four separate defense counsels, three separate judges, a pandemic, and delays due to the questions of the mental fitness of the Defendant."

In his brief, Govan explains that the record deficiencies in this case are largely "due to the former trial judge's policy of continuing cases based on informal communications with the attorneys without putting anything on the record. This trial judge is no longer on the bench, resigning after being suspended for a year." There had also been legal charges against the Union County Circuit Clerk, which exacerbated the problematic record keeping.

We are not convinced that the particular circumstances surrounding the circuit court's docket provide good cause for a continuance from June 5 to September 5. The court may well be dealing with a backlog of cases, but there is no indication in the record that a backlog was the reason a continuance was needed. In addition, the record suggests that Govan's case had been pending longer than the other criminal cases scheduled for trial in June. At the 21 March 2023 omnibus hearing at which the parties confirmed the June 5

25

trial date, the court asked how long the State expected the trial to last, and the prosecutor stated,

> Well, the other two cases that were set—I guess if we are going by the oldest case first, this one. I anticipate at least four days. . . . Which will probably knock out the two murder cases that were set for trial if this one goes, but I think four days. . . . We might be able to do this one in less than four days.

The court suggested it might "petition to the Supreme Court to have another Judge assigned, so we can run concurrent trials so that we can get these trials knocked out."

Clearly that did not happen, and somewhere along the way, it was decided that Govan's case would be continued and a different criminal case would proceed to trial on June 5. There is no contemporaneous order explaining the reason for the continuance, and the order that was finally entered on September 27 formally granting the continuance also offers no explanation.

This situation is similar to *Parker, supra*, in which the circuit court had retroactively tolled speedy trial, and "[n]o contemporaneous docket entry, written order, or pretrial colloquy reflected that any portion of the time . . . had been tolled, and the court had not yet held an on-the-record hearing discussing these matters." 2023 Ark. 41, at 4, 660 S.W.3d at 820. On appeal, in addition to holding that the circuit court could not retroactively toll speedy trial for docket congestion, the supreme court also held that neither the three weeks requested for trial by the State nor the appointment of a new prosecutor in June 2019 was a sufficient basis on which to toll speedy trial for "other good cause." *Id*. at 15–17, 660 S.W.3d at 826–27.

26

This case is also similar to *Tanner, supra*, in which the circuit court sua sponte rescheduled Tanner's trial due to the commencement of a capital-murder trial in a neighboring county. On appeal, the supreme court held that the fact that a murder trial is pending in an adjacent county does not, without more, constitute an exceptional circumstance for speedy-trial purposes, and if there are exceptional circumstances, the circuit court must note the exceptional circumstances in its order continuing the case. And, in the absence of any explanation other than that the court preferred to try another case, the time period in question cannot be excluded for "good cause" pursuant to Rule 28.3(h). 324 Ark. at 42, 918 S.W.2d at 169.

We hold that this time period cannot be excluded for good cause on the basis of other criminal trials taking place, i.e., docket congestion, because the case law is clear that the circuit court cannot retroactively toll speedy trial for docket congestion. *Parker, supra*. There is also no record of any other exceptional circumstances that provide a sufficient basis on which to toll speedy trial for good cause. Accordingly, we hold that this 92-day period was improperly excluded and should be charged to the State.

V. *5 September 2023 to 19 September 2023*
*19 September 2023 to 17 October 2023*
*17 October 2023 to 24 October 2023*

A handwritten docket notation dated September 5 stated that Govan's case was continued to 19 September 2023. At an omnibus hearing on September 19, defense counsel confirmed that the trial was set for October 30 and asked for a hearing on October 17 "[j]ust in case something comes up." A handwritten docket notation dated September 19 stated,

27

"cont'd to Oct 17 w/e.p."   The court entered a continuance order on September 27 that excluded the time period from 5 September 2023 to 19 September 2023.  Two days later, on September 29, the court entered a continuance order excluding the time period from 19 September 2023 to 17 October 2023.  As noted above, Govan's motion to dismiss on speedy-trial grounds was filed on 24 October 2023.  On 26 October 2023, the circuit court entered a continuance order excluding the time from 17 October 2023 to 30 October 2023.

At the speedy-trial hearing, defense counsel stipulated that the time period from September 5 to the trial date (at that time scheduled for October 30) should be excluded. The court's order denying the motion to dismiss found "no disputed excluded periods from September 5, 2023 up to the date of this Order," which was entered 22 November 2023.

On appeal, Govan does not argue that the time period from September 5 to September 19 should not be excluded.  For the time periods of September 19 to October 17 and October 17 to October 24, however, he asserts that there is no file-marked motion or request for a continuance from the defense in the record and that given this court's de novo review, we should exclude these time periods for lack of a record showing why the case was continued.

The State counters that Govan did not contest these excluded time periods at the speedy-trial hearing, so his argument is not preserved.  *See Burns v. State*, 2024 Ark. App. 329, 690 S.W.3d 133 (argument that time period should not have been excluded was not preserved when appellant failed to challenge the exclusion at the hearing on the motion to dismiss).

We agree that Govan did not contest these time periods at the speedy-trial hearing and instead stipulated that the 46-day time period from September 5 to the trial date (at that time scheduled for October 30 but cut short by the motion to dismiss filed on October 24) should be excluded.

## VI. *Conclusion*

In sum, from 25 August 2020, the date of Govan's arrest, to 24 October 2023, when he filed his motion to dismiss for lack of speedy trial, Govan was held for a total of 428 days during which speedy trial was not tolled. This 428-day total exceeds the requisite 365-day period. *See* Ark. R. Crim. P. 28.1(b). Therefore, based on our de novo review, we hold that the State has failed to demonstrate that Govan was brought to trial within the twelve-month period required by Rule 28. Accordingly, we vacate Govan's convictions and dismiss the case.

Reversed and dismissed.

TUCKER and THYER, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.